' Read, J.
Both parties derive title from Nichols — the plaintiff by direct purchase, and the defendant under a sale in attachment. The deed to Paine was defective, for want of seal. Its date was the 25th of October, 1831. This defect in the deed was barred by decree in chancery against Nichols, in the year 1839. This deed was not put upon record. Eight months after.its execution and delivery, to wit, on the 20th of June, 1832, a writ' of attachment was sued out against Nichols, at the instance of John Elder, and such proceedings were had in this suit, that the land conveyed to Paine was sold, bought by Elder, and, subsequently, by competent conveyance, transmitted to defendant. The judgment in attachment remains unreversed, and the defendant was not a party to the suit against Nichols, to correct the deed; and, at the time of the purchase under the attachment, Elder had no notice of Paine’s equity.
The determination of the following propositions must dispose of this cause :
1. ’ Had Nichols an interest in the land subject to attach- ■ ment ?
2. "Were the proceedings in attachment void ?
If Nichols had no interest in the land, or if the proceedings ; in attachments'were void, then the plaintiff must recover. But, i if he had‘an attachable interest, and the proceedings in attachment are not void, the defendant must recover.
As to the decree in chancery, perfecting the title from Nichols to Paine, it is of no binding effect as to the defendant, as he claimed title to the land and was in possession at the time suit was brought, and was not made a party. Yet, the proceedings in such suit were competent evidence; as in one aspect ■of the case, to wit, if the proceedings in the attachment should *443 be held void, it would warrant a recovery, as the plaintiff must recover upon the strength of his own title, and show that he had acquired the legal title from Nichols. Beyond this, the chancery proceeding can have no effect. As to the question, whether the land was subject to attachment as the property of Nichols: Nichols was the admitted owner of the land, unless he had divested himself of title by the conveyance to Paine. It is not contended that the defective deed to Paine transferred to him more than an equity. Nichols was still clothed with the legal title, and had the power to transfer the whole interest in the land to any person purchasing for a valuable consideration, without notice. In fact, he' was the true owner, so far as third persons were concerned, without notice. It would not be contended, that, had lie made sale to an innocent purchaser, without notice, that it would not have transmitted the whole title. Purchasers at judicial, sales, without notice, are treated as innocent purchasers. They fall within the same principle of protection that is extended to private purchasers. Hence, the land was subject to attachment, as the property of Nichols. This doctrine is settled in numerous reported decisions. Lessee of Parker v. Miller, and Scribner v. Lockwood, 9 Ohio Rep.
Are the proceedings in attachment void ? It is contended they are void, because no notice of the pendency of the attach-' ment was given, as required by the statute. If the jurisdiction of the Court once attached, subsequent irregularities would render the judgment voidable only; and it would remain valid until reversed, and cannot be impeached collaterally.
What, then, gives the Court jurisdiction in a proceeding in attachment ? The filing the proper affidavit, issuing the writ, and attaching the property. The moment the writ goes into the hands of the officer, he is authorized and required to seize the property. When this is done, the property is taken out of the possession of the debtor into the custody of the law. The Court have authority, at any time after the return of the writ, to direct property of a perishable nature to be sold. It is not *444 until after the return of the writ that the clerk is directed to make out the advertisement, which the plaintiff is required to have published, as the statute directs. If he neglects to have such notice published, for six weeks successively, the statute directs that the attachment shall be dismissed with costs. Here, then, for a period of six weeks, at least, if the publication of the notice only gives jurisdiction, the Court both have, and have not jurisdiction over the property seized in attachment. It is contended the Court has no jurisdiction, and yet the statute authorizes the Court to exercise a judicial act over property attached, namely, to determine whether it is perishable, and if so, to direct its sale.
Will it be contended, then, that the Court has jurisdiction over perishable property before notice consummated, but not over property' not perishable ? This is a distinction not authorized by the .statute. A court acquires jurisdiction by its own process. If the process of the Court be executed upon the person or thing, concerning which the Court are to pronounce judgment, jurisdiction is acquired. The writ draws the person or thing within the power of the Court; the Court once having by its process acquired the power to adjudicate upon a person or thing, it has what is called jurisdiction. This power or jurisdiction is only acquired by its process. To give jurisdiction is the object of process. The mode of executing or serving process, is sometimes directed or permitted to be by notice by publication. All process issues under the seal of the Court. Notice'by publication is not process, but, in certain cases in contemplation of law, is equivalent to service of process. The process in attachment is the writ authorizing and directing a seizure of the property. No process is issued against the person; because the proceeding is in rem. The statute, however, regards it but just that notice should be given to the debtor, not for the purpose of giving the Court jurisdiction over the subject matter, but to permit the debtor to have an opportunity to protect his rights, and directs that the writ shall be quashed if it be not given. The distinction is between a *445 lack of power or want of jurisdiction in the Court, and a wrongful or defective execution of the power. In the first instance, all acts of the Court not having jurisdiction or power, are void — in the latter, voidable only. A court, then, may act, first, without power or jurisdiction, second, having power or jurisdiction, may exercise it wrongfully; or, third, irregularly. In the first instance, the act or judgment of the Court is wholly void, and is as though it had not been done. The second is wrong, and must be reversed upon error. The third is irregular, and must be corrected by motion. The latter is where the power is rightfully exercised, but in an irregular way. Hence there is a vast distinction between a defect of power, a wrongful exercise of power, and an irregular exercise of power.
Now, what happened in this instance ? The Court had the power, by the service of its process, to proceed and give judgment ; but a circumstance occurred after having acquired such power, which forbid them the exercise of it; but having it, they did exercise it, which was error. But it can only be corrected by a writ of error. Such appears to have been the decision of the Court in Parker v. Miller, 9 Ohio Rep. 108, and cases there cited. The case in 10 Peters’ Rep., Voorhees v. The Bank of the United States, recognizes these principles.
It is true that it has been decided, in Warner v. Webster, 13 Ohio Rep. 506, that a judgment in attachment, if notice had not been given, was void. That case was rightly decided, although a wrong reason was assigned. The truth is, in that case, an equity was attached, when the statute under which 'that proceeding was had, only authorized an attachment against a legal estate. The process, therefore, not having been executed upon a subject matter within its rightful action, brought nothing before the Court upon which they had power to act, and, therefore, the judgment was void for want of jurisdiction.
But it is contended that the purchaser under the sale bond in the attachment, took nothing, because the sale was upon a fi. fa., and not an order of the Court. The act allowing and regulating writs of attachment, of June 24th, 1824, directs that, after judgment, the property attached shall be sold by order of *446 the Court. It is contended that, in this case, the land was not sold by order of the Court, and, therefore, that the officer making sale, had no power to sell, and that hence the sale did not divest Nichols of the legal title. Judgment had been rendered against the debtor in attachment, to be satisfied out of the property attached, if there was sufficient, and if not, execution could issue for the residue, as in other cases. A general execution issued in the first instance, which would have authorized the sale of any and all property of the judgment debtor, other than that attached. The officer making the sale, hence, was clothed with power to sell; the difficulty was, not defect of power, but too much power. In its exercise, however, he conformed strictly to the limitations of the statute, and sold only the land seized in attachment. The Court failed to restrict the power of sale, conferred upon the officer by the general writ; but, on the return of the writ, finding that the power of sale had been rightfully exercised, the act of the officer was recognized as right, and the sale confirmed. We regard this as a mere irregularity. And it is doubtful, even, whether the Court, had motion been made to correct it, and the confirmation of sale had been resisted on that ground, would have entertained the motion, for the reason, that no one had sustained any injury by the irregularity. All had been done which should have been. The general power of sale had been limited by the act of exercise, although not restricted by express order. To have set the sale aside for this ground, would have been to create the delay and expense of having the same thing done over again, precisely as it had already been done. This is not at all like the case of executors and administrators. The power to sell the land here results from the judgment. The order of the Court is merely to restrict and direct the execution of this power. The power to sell results to executors and administrators alone, from the order of the Court to sell. Hence, if there be in that case no order to sell, it is like a case of sale on execution without judgment. The order to sell lands under attachment, limiting the sale to the lands attached, is a limitation, not a grant of power. The order to administrators and executors to *447 sell lands, confers the power to sell. The lack of the one is a. mere irregularity of the other -— a total defect of power. Hence the difference as to the results. .
There has been much ingenious and able argument- in this ■ case, to show what could be proved by parol, and what must be established by record — what will be presumed, and what must be established by positive proof.
We rest the case, nakedly, upon the ground, so far as the proceedings in attachment are concerned, that there was a judgment of a Court of competent jurisdiction, unreversed, conferring the power to sell the land in question, which cannot be impeached in this collateral way; that the defects and irregu-' larities complained of, should have been remedied by, writ of error, or motion.
In this view of the case, then, the defendant, by the proceed- . ings in attachment, is clothed with the legal title; and hence judgment must be rendered in his favor.

Judgment for Defendant.