ICE, LIGHT AND WATER COMPANY ET AL. v. LONE STAR ENGINE AND BOILER WORKS.

Delivered March 20, 1897.

**Chattel Mortgage Lien—Notice—Fixtures—Innocent Purchaser.**
The record of a chattel mortgage on a steam boiler which is afterwards, with the knowledge and assent of the mortgagee, attached to realty as a fixture and part thereof, ceases to impart notice, and will not constructively charge a subsequent purchaser of such realty, who, if without actual notice of the chattel mortgage, will take the property freed from its lien.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE.

*M. H. Brooks* and *Robt. L. Warren,* for appellant.—1. If there has been a real or constructive annexation of the article to the realty, and if there was fitness or adaptation of such article to the uses or purposes of the realty with which it is connected, and if it was the intention of the parties that the chattel should become a permanent accession to the freehold such intention being inferable from the nature of the article, the relation of the parties interested, the mode of annexation and the uses or purposes for which the annexation is made—then the chattel becomes a fixture and part of the realty. Gentry v. Bowser, 2 Texas Civ. App., 388; Bant v. Halzgraft, 5 Texas Civ. App., 144; Hutchins v. Masterson, 46 Texas, 554; Implement Co. v. Marshall Electric Co., 74 Texas, 605; Willis v. Morris, 66 Texas, 629; Jones v. Bull, 85 Texas, 136; Ewell on Fixtures, 21, 22; Moody v. Akin, 50 Texas, 72-4; 2 Smith's Lead. Cas., 196; Sinker v. Comparet, 62 Texas, 476; 3 Wait's Act. & Def., 377; 21 Am. Rep., 323; Voorhees v. McGinnis, 48 N. Y. (3 Sick.), 278; Harkey v. Cain, 69 Texas, 148-51; Deal

v. Smart, W. & W. C. C., sec. 1080; Haney v. Millikin, 2 Willson's C. C., secs. 222-3; Tied., Real Prop., sec. 2.

2.   Before an innocent third person purchasing real estate can be charged with notice of a chattel mortgage made to secure purchase money notes on a chattel which has been annexed to said real estate, there must be a reservation of title on the face of the mortgage itself, or some language which in express terms will serve to notify him that purchase money is still due and unpaid.   Harkey v. Cain, 69 Texas, 148; Brewing Assn. v. Mfg. Company, 81 Texas, 103; Deal v. Smart, 1 W. & W. C. C., sec. 1080; Haney v. Millikin, 2 App. C. C., secs. 222-3.

*Perkins, Gilbert & Perkins*, for appellee.—Valid mortgage thereon to secure the purchase money, and the property will remain personalty, although attached to the realty with or without the consent of the seller.   Harkey v. Cain, 69 Texas, 150; Brewing Assn. v. Arctic Ice Co., 81 Texas, 99 (16 S. W. Rep., 797); Choate v. Kimball, 19 S. W. Rep., 108; Brown v. Baldwin, 25 S. W. Rep., 863; Copp v. Swift, 26 S. W. Rep., 438.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellee in the County Court of Hunt County, Texas, against the Ice, Light and Water Company on two notes for $230 each, dated April 4, 1895, and against appellant Joy to foreclose a chattel mortgage given by the Ice, Light and Water Company upon one "sixty inch by sixteen foot stationary tubular boiler, known as the make of the Lone Star Engine and Boiler Works of Greenville, Texas."

The Ice Company failed to answer, and there was a judgment by default against it from which it has not appealed.   Appellant M. A. Joy answered, setting up in substance, that the boiler was and is a permanent fixture and is attached to other machinery on lot No. 13 in block 74 in Terrell, Texas; that in a suit in the United States Circuit Court at Dallas, Texas, entitled Fort Wayne Electric Company v. John L. Terrell et al., judgment was rendered on March 7, 1895, in favor of the plaintiffs therein and against certain defendants, including the Ice, Light and Water Company, foreclosing a valid vendor's lien existing on said lot No. 13 and also lot No. 12 in block No. 74, by virtue of a deed dated March 31, 1891 from the Terrell Electric Light Company to said Ice, Light and Water Company, as evidenced by certain vendor's lien notes aggregating $10,380.77.   That under said judgment such vendor's lien was foreclosed and the property sold under decree of the court to W. L. Crawford on November 7, 1895, who on the same day sold to appellant Joy, who is an innocent bona fide purchaser of all of said property without notice of plaintiff's claim.   The case was tried by the court without a jury and judgment was rendered for plaintiff against the Ice Company for the amount of the debt, interest and attor-

ney's fees, and foreclosing the mortgage on the boiler against both defendants. From this judgment Joy appeals.

The testimony is uncontroverted, that prior to March 31, 1891, lots Nos. 12 and 13 in block 74, together with the electric light plant thereon, were owned by the Terrell Electric Light Company, and were sold by it on that day to the Ice, Light and Water Company, the latter giving vendor's lien notes for the purchase money, and that the deed showing such vendor's lien was duly recorded in Kaufman County; that the Fort Wayne Electric Light Company became the owner of such notes, which were foreclosed by the decree of the United States Circuit Court at Dallas on March 7, 1895, against the Ice, Light and Water Company and others, and that said property was duly and legally sold under such decree on November 7, 1895, and purchased at such sale by W. L. Crawford, who on the same day sold to appellant M. A. Joy, who paid the purchase price and had no actual notice of any claim of appellee to a lien upon the boiler.

It also appears from the undisputed evidence that about April 5, 1895, the appellee sold to the Ice, Light and Water Company, the boiler in question, taking in payment $230 in cash and the notes which are described in plaintiff's petition, and a chattel mortgage on the boiler, which was promptly registered in the chattel mortgage records of Kaufman County. At the time of such sale appellee knew that the boiler was to be put down as a stationary boiler to run the said electric light plant in Terrell. It was securely fastened and attached as a stationary boiler to the realty, is appropriate and necessary to the electric plant, and cannot be detached without damage to the realty.

There are numerous assignments of error in the record, but the leading and controlling question for our determination, is whether the boiler is a permanent fixture or a chattel, as between the parties before us on this appeal.

There has been much discussion of the question and many nice distinctions drawn upon the subject, and the authorities to some extent are conflicting. We have found no case where the exact question involved has been directly determined by our courts, nor have the learned counsel cited us to one.

It has been decided that a purchaser of a chattel may at the time of the purchase execute a valid mortgage thereon to secure the purchase money; and even though such chattel may subsequently be attached to the realty in such a manner as would ordinarily make it a permanent fixture, that as between the parties, it is still a chattel and subject to the chattel mortgage. Harkey v. Cain, 69 Texas, 150; Brewing Association v. Manufacturing Company, 81 Texas, 99.

Our courts have gone still further, and held that "if the mortgagor in possession, by agreement with the mortgagee, annex a mortgaged chattel to his own land, the mortgagee's rights are not affected, and he may still treat it as a personalty." Harkey v. Cain, supra, citing Tiffts

v. Horton, 53 N. Y., 377; Eans v. Estes, 10 Kan., 314; Tibbets v. Moore, 23 Cal., 208; Cullers v. James, 66 Texas, 494.

In the case of Willis v. Munger Mfg. Company, 36 S. W. Rep., 1010, where a chattel mortgage was retained upon certain gin machinery which was not permanently attached to the realty, and which could be removed without injury to the freehold, it was held by this court that such chattel mortgage could be foreclosed, even as against the holder of a prior vendor's lien on the realty.

Some of the authorities in other States have held that where chattels are annexed to real estate, by agreement between the owner of the chattels and the owner of the realty, that they shall not thereby become a part of the freehold, as a general rule the intent will control, and such chattels will retain their character as personalty, and neither a prior or subsequent mortgage of the realty can deny the right of the owner of such chattels to remove them. Tiffts v. Horton, 53 N. Y., 377; Hendy v. Dinkerhoff, 57 Cal., 3; Smith v. Waggoner, 50 Wis., 155; Ford v. Cobb, 20 N. Y., 344. Mr. Ewell says that this rule has not been generally adopted. See Ewell on Fixtures, 384-386.

In determining the question whether articles of personalty have acquired the character of real estate, there are several tests to be applied, (1) whether there is an actual annexation of the chattel to the realty so as to make it a permanent fixture; (2) its adaptability to the use of the freehold; (3) the intention of the parties at the time of making the annexation. These tests are material as between the parties themselves. But when considered with reference to a third party who deals with such realty, who took no part in such annexation, and knew nothing of the agreements and intentions of the parties making them, there are other questions to be considered. The weight of authority is, that where a third party, without notice of any such agreements, makes a bona fide purchase of the realty, and the chattel has been attached thereto as a permanent fixture in such manner that it cannot be detached without injury to the freehold, he will, not be affected by such private agreements of which he had no notice. Hopewell Mills v. Savings Bank, 150 Mass., 519; 15 Am. St. Rep., 235, and authorities cited; Hunt v. Bay State Company, 97 Mass., 279; Thompson v. Vinton, 121 Mass., 139; Case v. Garvin, 45 Ohio St., 289; Cross v. Weare Comm. Co., 153 Ill., 499 (46 Am. St. Rep., 902); Id., 910, note and authorities cited; Fifeld v. Bank, 148 Ill., 163 (39 Am. St. Rep., 166); Id., 172, note and authorities cited; Pierce v. George, 108 Mass., 78; Butler v. Page, 7 Metc., 40; Richardson v. Copeland, 6 Gray, 536; Franklin v. Moulton, 5 Wis., 1; Smith v. Waggoner, 50 Wis., 161.

In some of the cases cited it is held that a purchaser of the realty under the foreclosure of a prior mortgage of such realty would be protected, without regard to the question whether he had notice of the mortgage of the chattel which became annexed to the realty. Richardson v. Copeland, 6 Gray, 536; Franklin v. Moulton, 5 Wis., 1.

Mr. Jones, after a full discussion, lays down the correct rule to be,

that if the purchaser of the realty has notice of a prior mortgage on the fixtures, he takes subject thereto; but such purchaser of realty is not bound to examine the registry of chattel mortgages, and is not affected with constructive notice thereby. He says: "As regards subsequent purchasers and mortgagees and creditors subsequently obtaining liens upon the realty, it is clear that if they acquire such title or lien with actual knowledge of the mortgage claim upon the fixtures, their title or lien is subject to such mortgage. But whether the record of the chattel mortgage is effectual to protect the mortgagee as against such subsequent mortgagees, purchasers and creditors, is a question of more difficulty, and upon which there is some conflict of authority. On the one hand, it is said that the constructive notice imparted by the record of such mortgage before the chattels were affixed is as effectual to protect the mortgage as actual notice would be. Sowden v. Craig, 26 Iowa, 156. On the other hand, it is declared that when personal chattels become affixed to the realty with the mortgagee's consent and co-operation, they become at once de facto, by operation of law, part and parcel of the land, and necessarily lose their chattel character, so that they could not be replevied as chattels, but would pass to a purchaser of the land of which they visibly constituted a part. The mortgagee having consented to the conversion of this personal property into real property, his right to claim it under his mortgage ceased at the precise moment of time when by his consent it ceased to be chattels and became realty. The record then ceased to be constructive notice of the mortgage lien. Sowden v. Craig, 26 Iowa, 156, 165. And the better opinion is, that a purchaser of the realty is bound only to take notice of the record title of the realty, and is not in any way bound to examine the records for chattel mortgages, for he is not affected by the record of a chattel mortgage upon fixtures of such realty. Richardson v. Copeland, 6 Gray (Mass.), 536; Bringhoff v. Munzenmaier, 20 Iowa, 513.

"Actual severance of fixtures from the land, or actual notice of a binding agreement to sever, is necessary to render a prior mortgage of the fixtures valid against a subsequent purchaser of the realty. Thus, where a mortgage was made of the boilers, engines, saws and gearing of a steam saw-mill before these articles were annexed to the realty, with power in the mortgagee to take possession of them upon default, whether they should have been attached to the realty, and should have become a part of it or not, and subsequently a mortgage was made of the realty to one who had no actual notice of this agreement, it was held that the chattel mortgage, though duly recorded, was inoperative as against the mortgage of the realty. Brennan v. Whitaker, 15 Ohio St., 446; and see Fortman v. Goepper, 14 Ohio St., 558, 565. The court say, in Brennan v. Whitaker, supra, 'The right given to the plaintiffs by the mortgage, to enter upon the premises and sever the property, would doubtless have been effectual as between the parties. But the defendants were purchasers without notice of this agreement. The filing of chattel mortgages is made constructive notice only of in-

cumbrances upon goods and chattels. The defendants purchased and took a conveyance of real estate, of which the property now in question was in law a part; and, in our opinion, it devolved upon the plaintiffs, who sought to change the legal character of the property and create incumbrances upon it, either to pursue the mode prescribed by law for incumbering the kind of estate to which it appeared to the world to belong, and for giving notice of such incumbrance, or otherwise take the risk of its loss in case it should be sold and conveyed as part of the real estate to a purchaser without notice.'" Jones on Chat. Mortg., secs. 134, 135. To the same effect see 2 Jones on Mortg., sec. 1657; 1 Jones on Mortg., sec. 431.

In this case, it fully appearing from the undisputed evidence that appellant Joy purchased the realty without notice of the chattel mortgage upon the boiler, which had become permanently annexed to the freehold, he cannot be affected by such mortgage, and it cannot be foreclosed against the property in his hands.

As to appellant M. A. Joy, the judgment of the court below in reversed and here rendered,—that appellee take nothing by its suit to foreclose its claimed mortgage as against M. A. Joy or the said property in his hands, and that the latter recover all his costs in this court and the court below.

*Reversed and rendered.*