WHITAKER–GLESSNER CO. v. OHIO SAV-
INGS BANK & TRUST CO. et al.

Circuit Court of Appeals, Sixth Circuit.
November 18, 1927.

No. 4945.

1. Fixtures ⬤⟶1—Personalty becomes fixture
on annexation to realty, application to use
to · which realty is appropriated, and inten-
tion by annexing party to permanently attach
it to freehold.

Personalty becomes a fixture on the con-
currence of its annexation to the realty or some-
thing appurtenant thereto, its application to the
use or purpose to which the realty is appro-
priated, and an intention on the part of the
party annexing it to make it a permanent ac-
cession to the freehold.

2. Fixtures ⬤⟶4—Intention of party annexing
chattel to realty, removable without injury to
either, is to be determined from manner of
annexation, uses and circumstances.

Where a chattel may be removed without
injury to it or the realty, the manner of its an-
nexation and other circumstances and facts, in-
cluding its possible uses, are to be considered in
determining the intention of the party annex-
ing it.

3. Fixtures ⬤⟶18(5)—Machinery in canning
factory, bolted to floor, but removable with-
out injury to machinery or realty, held fix-
ture as between company and mortgagee.

Machinery bolted to the floors of a canning
factory, both realty and machinery being owned
and used by a canning company for the sole
purposes of the business, though removable
without injury to itself or the realty, *held* a fix-
ture as between the company and a mortgagee.

Appeal from the District Court of the
United States for the Eastern Division of the
Southern District of Ohio; Benson W.
Hough, Judge.

Suit in equity by the Ohio Savings Bank
& Trust Company, Trustee, and others,
against the Whitaker-Glessner Company.
Decree for complainants, and defendant ap-
peals. Affirmed.

Geo. W. Ritter, of Toledo, Ohio (Wright
Hugus, of Wheeling, W. Va., and John S.
Brumback, of Toledo, Ohio, on the brief),
for appellant.

John F. Wilson, of Columbus, Ohio, and
John E. Morley, of Cleveland, Ohio (Wilson
& Rector, of Columbus, Ohio, on the brief),
for appellees.

Before DENISON and MOORMAN, Cir-
cuit Judges.

MOORMAN, Circuit Judge. ·Suits were
brought to foreclose mortgages on canning
plants in Ohio, Michigan, Illinois, Indiana,
and Kentucky. The mortgages purported to
cover all property, real and personal, used in
connection with the plants. The lower court
held that they were effective in Ohio, Michi-
gan, and Illinois only as real estate mort-
gages; but decreed that certain parts of the
machinery in the plants in those states were
such fixtures as were subject to the mort-
gages. Appellant contends that these parts
were personalty. They were attached to the
buildings by bolts or screws and connected
together; but they could be separately re-
moved without injury to themselves, the
building, or any other part. It sometimes
happened that one part was replaced by an-
other, depending upon the vegetable being
canned.

[1, 2] In Ohio personalty becomes a fixture,
under Teaff v. Hewitt, 1 Ohio St. 511, 59
Am. Dec. 634, cited with approval in Cole-
man v. Manufacturing Co., 38 Mich. 30, ·
upon the concurrence of its annexation to the
realty or something appurtenant thereto, its
application to the use or purpose to which
the realty is appropriated, and an intention
on the part of the party annexing it to make
it a permanent accession to the freehold. It
is also held in Ohio, as generally elsewhere,
that, where the chattel may be removed with-
out injury to it or the realty, the manner of
its annexation and other circumstances and
facts, including its possible uses, are to be
considered in determining the intention of
the party annexing it. We have not been re-
ferred to any decision of the courts of Michi-
gan or Illinois which militates against these
rules; and, despite the dictum of Manwar-
ing v. Jenison, 61 Mich. 117, 27 N. W. 899,
we find ·nothing different therefrom in Hill
v. National Bank, 97 U. S. 450, 24 L. Ed.
1051, Firth Co. v. Trust Co. (C. C. A.) 122
F. 569, and In re Russell Falls Co. (D. C.)
249 F. 260, which counsel for appellant say
are inapplicable, because decided under the
"Massachusetts rule."

The annexation being shown, each case,
as to the other conditions necessary to the
conversion, must obviously turn on its own
facts. The case here is between mortgagees
and one standing in the place of the mort-
gagor, in which case the law looks more fa-
vorably upon conversion than in a case be-
tween landlord and tenant, or life tenant and
remainderman. However, in such case, the
mortgage itself may be evidence of the inten-
tion of the mortgagor in affixing the chattel.
Appellant contends that these mortgages dis-
close an intention not to make the machinery
a fixture.[1]

---

[1] For example: After describing the several
tracts of land by metes and bounds, the mort-
gages include: "All the buildings, dwellings,
structures, and improvements constructed and
to be constructed on said lands hereby con-

There are mortgages in which a specific reference to machinery or chattels, following the description of the real estate, would indicate that the mortgagor intended to treat the two as different classes of property; and there would be reason, under Fortman v. Goepper, 14 Ohio St. 559, for the inference here, did not the mortgages also specify buildings, dwellings, structures, and fixtures included in the theretofore described real estate. This further specification shows that no such inference can be based on the cumulative description. Nor is it to be drawn from the provision requiring that the mortgages be filed both as real estate and chattel mortgages, for both kinds of property were embraced in the mortgages, it being the intention of the parties to incumber both, which was a sufficient reason for the provision requiring the two recordations.

The authority given the mortgagor to sell a part of the apparatus, machinery, equipment, or material of a movable or consumable nature upon substituting therefor other property of equal value, and the further provision, probably applying only to the real property, authorizing the company to sell "any other of its property upon procuring a release of the lien from the trustees," do not, in our opinion, throw any light on the intention of the mortgagor in affixing the machinery to the buildings.

[3] Although some of the machinery could be and occasionally was removed to meet the exigencies of the business, all of it that the lower court held to be fixtures was annexed to the realty and was a part of the fixed equipment of the plants. The fact that it was carried on the books of the mortgagor separately from the real estate is evidence of lack of intention to make it a fixture. On the other hand, the mortgagor was engaged in

_____

veyed, and all engines, boilers, machinery, belting, shafting, steam and heating apparatus, and all fixtures, implements, and apparatus used or useful in carrying on the company's business, together with all the appurtenances and appliances connected with and appurtenant thereto, and any and all increase of or to any of the above denominated items, whether by replacement, repairing, or adding to the aggregate thereof of new appliances or items as above denominated." They provide that upon their delivery they shall be filed for record as real estate and also as chattel mortgages, and that the mortgagor from time to time may sell or otherwise dispose of such "apparatus, machinery, equipment, or material of a movable or a consumable nature," and acquire other property of equal or greater value, so as to keep the security unimpaired, and all the property so acquired shall become "subject to the operation and lien of this mortgage."

the canning business and no other; it owned the buildings, and all the land on which they were located, except the plant in Kentucky; it had acquired these properties for the sole purpose of establishing canning plants; and the buildings were thereafter constructed, or reconstructed, so that the machinery could be placed in them and used for the purpose for which they were acquired. The machinery was in the plants at the time the mortgages were given, and was being devoted to the use to which the real estate was appropriated. We think it was a part of the realty. Pflueger v. Lewis Foundry & Machine Co. (C. C. A.) 134 F. 28.

The judgment is affirmed.