## DAVENPORT v. TAYLOR COUNTY TUBERCULOSIS ASS'N.

### No. 1278.

Court of Civil Appeals of Texas. Eastland.

May 25, 1934.

Smith & Eplen, of Abilene, for appellant.

Waldo·Green and Davis· Scarborough, both of Abilene, for·appellee.

FUNDERBURK, Justice.

Taylor County Tuberculosis Association— unincorporated, but suing herein in the name of trustees—brought this suit against Nelson E. Davenport to recover actual and exemplary damages for the alleged conversion of a house of the alleged value of $450, situated upon land formerly owned by Mrs. Tabitha Reeves, and subsequently purchased at foreclosure sale under a deed·of trust lien in its favor by Mortgage Servicing Company, of which the defendant was agent. The house was placed by the plaintiff upon the property under an agreement with the owner that prevented its becoming, as between them, a part of the land. The house placed upon the property was used for the occupancy of tubercular patients under care of the plaintiff through the said Tabitha Reeves, as nurse. About two months after the purchase of the property by the defendant's principal, the defendant, charged with the management and care of said property, gave the house to a farmer in consideration of his tearing it; down and removing it from the land. One issue was submitted to the jury and found in favor of the plaintiff, which was to the effect that the house was of the market value of $450. From the judgment rendered in accordance therewith, the defendant has appealed.

Upon the trial, certain evidence was admitted of the fact that fixtures, such as a toilet, electric wiring, gas pipes, and a lavatory, etc., were attached as permanent fixtures to the house, and evidence of the value of some of said articles. Objection was made to this testimony on the ground that plaintiff, by its pleading, asserted no claim for damages for the conversion of fixtures. The action of the court in overruling such objection and admitting the testimony is the subject of complaint in appellant's first proposition. We conclude that the court did not err in this respect. The testimony was limited to such fixtures as had become so attached to the house as to become a part thereof. The allegation that the house·was·of the value of $450 was sufficient basis, so far as pleading was concerned, to justify the introduction·of the testimony as tending to prove the value of the house.

. Appellant contends, by his second proposition, that the court committed error in his instruction to the jury in which he excluded from their· consideration, the evidence previously admitted concerning removable fixtures,. such as tables, chairs, beds, or any furniture not permanently attached to the house. The proposition is asserted under an assignment of error reading as follows:

"The court erred in giving the following oral instructions to the jury, during the progress of the trial:

"'Gentlemen of the jury: You will not consider the testimony of any witness as to the value of articles such as tables, chairs, beds, or any furniture not permanently affixed to the house, because the defendant would not be liable under the pleadings for the loss of such articles; but you may consider such fixtures as are shown to be permanently affixed to the house, such as comodes, bathtubs, waterlines, gas mains, and light wiring and fixtures'

"—for the reason that said remarks of the court to the jury in excluding the testimony regarding the fixtures, was a comment by the court upon the evidence."

■ It is to be observed that the proposition does not, as it should, state a reason to show why the court erred as contended by the assignment of error. The real reason is stated in connection with the assignment of error which is to the effect that the "remarks of the court to the jury excluding the testimony regarding the fixtures was a comment by the court upon the evidence." We overrule the assignment of error and proposition asserted thereunder for two reasons:

■ In the first place, the assignment of error is not properly supported by the record. The transcript, which constitutes the record proper, does not show that the judge instructed or admonished the jury as contended. There is no bill of exceptions showing that any objection was made to any action of the court in this regard. Assuming that the court, as a part of his instruction excluding the evidence, did comment upon the weight of the evidence, it was necessary that a record be made of such action. It was necessary that appellant interpose proper and timely objection, and the record so show, or else the error would be waived. If the charge or instruction to the jury was oral, as stated in the assignment of error, then it was necessary that the record show the instruction and the objection, which could only be done by a bill of exceptions. As said before, the record does not so show.

■ In the second place, it is not necessarily error for the judge to comment upon the evidence. He was commenting upon the evidence when directing the jury not to consider certain testimony previously admitted. In that there was no error, we think. The objection made at the time, and which was necessary to support the assignment, did not advise the judge that his directions to the jury were considered objectionable on the ground that they constituted a comment upon the weight of the evidence. In Karotkin Furniture Co. v. Decker (Tex. Civ. App.) 32 S.W.(2d) 703, it was held that an objection that a charge is "upon the weight of the evidence" without specifications to show that it was subject to. that vice was too general to require consideration. Whether so or not, it is required that an objection be "specific, constructive and helpful." Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242. The objection in this case clearly did not meet that test. Upon both these grounds we overrule this assignment.

■ The only special issue submitted to the jury was as follows:

"From a preponderance of the evidence, what amount do you find to be the market value of the house in question on or about the month of July, 1932, in Abilene, Texas?"

The court gave a definition as follows:

"'Market value' of property is the price it will bring in cash when offered for sale by one who desires to sell, but is not obliged to sell, and when it is bought or purchased by one who desired to purchase, but is under no necessity of doing so."

Appellant, by his third proposition, contends that the court erred in submitting the issue in the form in which it was submitted, because it, in effect, assumed that the house had a market value. Some of the witnesses, by their testimony, implied that the house did have a market value. This implication appears from their testimony to the effect that the market value was a stated sum. Other witnesses testified to facts showing that the house had no market value, in that it was wholly without value. We think we are almost justified in holding that from the undisputed evidence we can take judicial knowledge that the house had no market value. From the standpoint of the plaintiff below, it was not a part of the land upon which it stood. It was a small house generally referred to as a "shack." It had been used to house tubercular patients. Objection and protest had been made to its use for that purpose in the location where it stood. It is almost inconceivable that there could have been sales of like houses under similar circumstances, in Abilene, sufficient in number to have established a prevailing market price for same. That is what market value means when the term is used to signify something different from real or intrinsic value, as we had occasion to consider in Taylor County v.

Olds (Tex. Civ. App.) 67 S.W.(2d) 1102. We shall not, however, go upon record as holding that we can take judicial knowledge that the house had no market value. We do hold that the pleadings, the evidence, and the definition of market value given by the court, the latter being incorrect as a definition of market value as held in the last-named decision, all go to show that the term "market value" was used, as is often done, simply as synonymous with value. Taylor County v. Olds, supra, and the authorities therein cited.

With the terms so understood, the issue was not subject to the objection made to it.

■ Appellant, by propositions 4, 5, 6, 7, and 8, complains of the refusal of the court to submit certain special issues relating to the defense of estoppel. We have some doubt if the answer of appellant, undertaking to allege an estoppel, was sufficient to show a defense. If the pleading was sufficient in this respect, it was only so by reason of the allegation that the plaintiff association "knew that the said Tabitha Reeves had lost said property under a deed of trust foreclosure and had moved therefrom and had left said shack on said premises." Without that allegation no fact was alleged to show a duty on the part of the association, the breach of which might have estopped it from holding the defendant to account for a conversion of plaintiff's property. No issue was requested calling for a finding of that fact, and in the absence thereof there could be no prejudice to the defendant by reason of the court's refusal to submit the inconclusive issues requested.

Further contentions of appellant to the effect that appellee's failure by proper request to obtain a submission of an issue as to the existence of a market value, constituted a waiver of the issue, and left the judgment without proper support in the verdict; that the court erred in giving instructions as to the correct measure of damages, etc., are believed to be sufficiently disposed of by what has already been said regarding market value.

■ The contention that the value of the house should, at least, have been discount-ed by the expense of removing same was not so presented in the court below as to make it reviewable here. The expense of moving the house was an evidentiary matter upon the issue of the value of the house. It was concluded by the submission of that issue and the verdict upon same.

■ The record in this case suggests that the appellant has been held liable to pay for the house without any fault upon his part. It suggests the possibility that he had a perfect defense to plaintiff's claim. The defense was pleaded, but apparently abandoned in the trial. If neither the appellant nor his principal, the Mortgage Servicing Company, had knowledge of the fact that the house belonged to the association, so far as they were concerned, it was a part of the land. This proposition we believe to be supported by the following authorities: Hutchins v. Masterson, 46 Tex. 551, 26 Am. Rep. 286; Citizens' Nat. Bank v. Elk Mfg. Co. (Tex. Com. App.) 29 S.W.(2d) 1062; Taylor v. Lee (Tex. Civ. App.) 139 S. W. 908; Phillips v. Newsome (Tex. Civ. App.) 179 S. W. 1123; Ice, Light & Water Co. v. Lone Star Engine, etc., Works, 15 Tex. Civ. App. 694, 41 S. W. 835; Tibbetts v. Horne, 65 N. H. 242, 23 A. 145, 15 L. R. A. 56, 23 Am. St. Rep. 31; Ginners' Mutual Underwriters v. Wiley & House (Tex. Civ. App.) 147 S. W. 629; Brown v. Roland, 92 Tex. 54, 45 S. W. 795; Potter v. Mobley (Tex. Civ. App.) 194 S. W. 205; Alexander v. Anderson (Tex. Civ. App.) 207 S. W. 205. No assignment of error has been briefed which challenges the judgment upon this ground. Since it is a matter that can only appear from a reading of the entire statement of facts, it is not a fundamental error.

■ We can only review a judgment upon errors duly assigned, or fundamental errors. This is a reasonable condition upon which the right to have a judgment reviewed upon appeal is made dependent.

Having concluded that there are no material errors presented by the assignments, and that the judgment of the court below should be affirmed, it is accordingly so ordered.