## WILLIS v. BEELER.
## SCHUMACHER, Sheriff, v. SAME.
### Nos. 7597–7618.

Circuit Court of Appeals, Sixth Circuit.
April 13, 1937.
As Modified on Denial of Rehearing
June 28, 1937.

Coleman Avery and William Kellcey, both of Cincinnati, Ohio ·(Coleman Avery, of Cincinnati, Ohio, Paul A. Baden, of Hamilton, Ohio, Peck, Shaffer & Williams, of Cincinnati, Ohio, and Harry N. Routzohn, of Dayton, Ohio, on the brief), for appellants.

Henry B. Street and Province M. Pogue, both of Cincinnati, Ohio (Brandon R. Millikin, of Hamilton, Ohio, Henry B. Street and Williams, Sohngen, Fitton & Pierce, all of Hamilton, Ohio, Harmon, Colston, Goldsmith & Hoadly, Pogue, Hoffheimer & Pogue, and Maxwell & Ramsey, all of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

These are companion appeals involving to a large extent the same facts. Case No. 7597 arises out of a petition to review filed by the judgment creditor attacking an order of the referee in bankruptcy which overruled a motion to strike from the files the petitions of intervening mortgagees and overruled that part of the motion which asked that the trustee be required to disclaim all right, title and interest in and to the real property of the bankrupt, including fixtures. The District Court confirmed the order. Case No. 7618 arises out of a plenary suit brought by the trustee in bankruptcy against the sheriff of Butler County, Ohio, who claims the property levy.[1] The petition set forth three mortgages on the realty of the judgment debtor, prayed for an injunction against the sale of certain property claimed to be realty, and asked for the marshaling of liens. The

---

[1] Certain phases of these cases have been before this court on two prior appeals. In Beeler v. Schumacher, 71 F. (2d) 831, affirmed 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433, the court held that the substantial claim of a judgment creditor adverse to the claim of the trustee in bankruptcy is not determinable in a summary proceeding, but can only be adjudged in a plenary suit. In the second case this court ordered the District Court to enjoin the sale of the property pending

District Court determined that certain chattels were affixed to the real estate and a part thereof, and subject to administration by the bankruptcy court, and issued a permanent injunction.

The company in 1878 acquired the fee to certain real estate in the City of Hamilton, Butler County, Ohio, and used it thereafter for the manufacture of tools, machines and equipment. The plant, machinery and property in dispute are all located on this land. On January 6, May 14 and June 8, 1932, the company executed real estate mortgages covering the same land to the Fifth-Third Union Trust Company of Cincinnati, the First National Bank & Trust Company of Hamilton, and the Advance Foundry Company, respectively. The third mortgage was immediately assigned to the First National Bank & Trust Company of Hamilton. The first mortgage included with the land "all buildings thereon and all machinery, fixtures in said buildings contained." The second and third mortgages covered "all machinery, motors, line shafts, pulleys, boilers, patterns, jigs, tools, dies and other manufacturing equipment now located on said premises." While the second and third mortgages were filed for record as chattel mortgages, it is conceded that they were not executed in conformity with Section 8564, General Code of Ohio, and hence are invalid as chattel mortgages. All mortgages were duly recorded prior to June 10, 1932, when A. Hunter Willis secured a judgment against the company in the Court of Common Pleas of Hamilton County, Ohio, upon a supersedeas bond in the sum of approximately $107,000. This judgment is now final. Previously Willis had filed an action in Butler County against the company to reform the bond. This action he abandoned in 1933.

On June 16, 1932, under an order of execution issued by the Court of Common Pleas of Hamilton County to the sheriff of Butler County, the sheriff levied on the company's personal property and simultaneously levied upon the real estate situated in Butler County. In August, 1932, the company filed a petition in the Court of Common Pleas of Butler County, seeking a permanent injunction against the enforcement of this levy on the real property. On April 4, 1933, the company was adjudicated bankrupt, and appellee was appointed trustee. Upon motion of Willis, made in the bankruptcy proceedings, the referee decided that a considerable part of the property was personalty, and this has been sold, over $26,800 being realized, and the proceeds, after payment of costs, have been applied in partial payment of the judgment in favor of Willis.

After the adjudication in bankruptcy, upon the application of Willis, the Court of Common Pleas of Hamilton County appointed a referee to determine whether the property levied on was realty or personalty. The referee determined in the main that it was personalty, and the Court of Common Pleas confirmed this report and held that the property was subject to sale under the order of sale theretofore issued. This order was set aside by the Court of Appeals of Hamilton County upon the ground that the referee had based his conclusion wholly upon his own personal examination, had heard no evidence, and that due process of law was not had.

On May 2, 1934, the mortgagees and the trustee were made parties to the proceedings in Hamilton County. Over their objection to the jurisdiction of the Hamilton County court, testimony was taken and an order was entered, again ordering the sheriff to proceed to sell the property found to be personalty. This order was reversed by the Court of Appeals of Hamilton County (Long & Allstatter Co. v. Willis, 52 Ohio App. 299, 3 N.E.(2d) 910), upon the ground that the jurisdiction of the United States District Court had been invoked before any attempt was made to give the state court jurisdiction over the bankrupt's real estate, and that the state court therefore had no jurisdiction. The case in the District Court was then heard on the merits, and sale of the property, with the exception of three items which the District Court found to be personal property, was perpetually enjoined.

It is difficult within the limitation of an opinion to discuss all of the points raised in these involved cases. Two principal

trial of the plenary suit on the merits. 80 F.(2d) 715.

As the appellants in these two cases are not identical, the appellant in the plenary suit will be called the sheriff, and the appellant in the bankruptcy proceeding will be called Willis. The judgment debtor (The Long & Allstatter Company) will be referred to as the company. The appellee (the trustee in bankruptcy) is the same in each case.

questions are dispositive of the plenary suit: (1) Whether the machinery and equipment are fixtures and therefore a part of the realty covered by the mortgage, and (2) whether the state court has exclusive jurisdiction.

In the summary proceeding the referee had previously decided that numerous items were fixtures, and had recommended that a temporary restraining order issue enjoining their sale. In the plenary suit the District Court referred to and adopted parts of the referee's report as to the character of the property, but made independent findings with reference thereto.

Whether the property in controversy is a part of the real estate is to be determined by the law of Ohio. Petition of Johns-Manville Sales Corporation (Wilson v. Union Guardian Trust Co., Trustee) (C.C.A.6) 88 F.(2d) 520, decided February 12, 1937. As set forth in Teaff v. Hewitt, 1 Ohio St. 511, 59 Am.Dec. 634, the criterion of a fixture is "the united application of the following requisites [to-wit]: 1st. Actual annexation to the realty, or something appurtenant thereto. 2d. Appropriation to the use or purpose of that part of the realty with which it is connected. 3d. The intention of the party making the annexation, to make the article a permanent accession to the freehold."

In Pflueger v. Lewis Foundry & Machine Co., 134 F. 28, this court reviewed the Ohio decisions upon fixtures. It pointed out that in Ohio, as in other states, parties may by agreement give to machinery the character of personalty (Cf. Case Mfg. Co. v. Garven, 45 Ohio St. 289, 13 N.E. 493), but concluded that the machinery in controversy was affixed to the realty. The opinion in the Pflueger Case might well be paraphrased for this case. Here, as there, the owner of the mill and of the land on which it stood assembled the plant. The mill was devoted to the business in which the machinery was to be employed. Here, as there, the foundations in the floor of the machine shops were constructed for a permanent location, and it seems reasonable to suppose that the owner intended the machinery to be permanently located. The equipment was a necessary factor in performing the operations of the mill. Much of it was ponderous, not easily moved from place to place. The fact that some of the machinery was detachably connected with the engines and that the parts were detachable from each other, under Brennan v. Whitaker, 15 Ohio St. 446, is not determinative.

In Whitaker-Glessner Co. v. Ohio Savings Bank & Trust Co., 22 F.(2d) 773, this court again applied the test laid down in Teaff v. Hewitt, supra, and pointed out that the terms of a mortgage may be evidence of the intention of the mortgagor in affixing the chattel. An intention to impress the character of fixtures upon this machinery is shown here by the specific reference to the equipment in each of the three mortgages. The court in the Whitaker-Glessner Case did not hold that the fact that the machinery was carried on the books separately from the real estate was conclusive. The fact that in this case the company's books and its tax returns listed the equipment as personalty may not be of great consequence, for it is proper accounting practice to group assets according to their expected useful life. This allows proper depreciation reserves to be set up and maintained, and allows the true income of the business to be revealed. The buildings, which unquestionably are real estate, also are listed separately from the land on which they are situated.

In No. 7618, the evidence shows that much of the equipment was affixed to the realty by means of screws or bolts, and that some of the machines were embedded or grouted in concrete. Their removal would leave holes and pits in the floor. Large concrete pedestals which had been specially built as foundations for the heavy machinery would remain, rendering the floors unfit for general use. All of the items held by the District Court to be fixtures were applied and adapted to the use to which the real estate was appropriated. These circumstances indicate that the owner, who installed the equipment, regarded it as a permanent accession, and we conclude that the property in controversy is part of the realty.

Since the items in dispute are fixtures, the second question arises, namely, whether the state court, by virtue of the levy acquired exclusive jurisdiction of the real property. It is conceded that the personal property passed into the custody of the state court by virtue of the levy and order of sale, and the controversy here is as to the real property, including the fixtures. The judgment was rendered and the levy was made some nine months prior to the filing of the petition in bankruptcy. Willis

and the sheriff contend that the Hamilton County court thus secured exclusive possession and control of the realty, and that under Straton v. New, 283 U.S. 318, 51 S. Ct. 465, 75 L.Ed. 1060, the decisions below must be reversed. Appellee contends that the levy was invalid, and that even if valid, under Ohio law the sheriff did not secure possession of the realty.

In Ohio, land has always been liable to sale on execution (McCormick v. Alexander, 2 Ohio, 65), and section 11655, General Code of Ohio, expressly so provides. Appellee contends that the levy was invalid under sections 11664 and 11666, General Code of Ohio,[2] on the theory that these statutes require that before a levy is made on land, the goods and chattels of the judgment debtor shall be first exhausted. Cf. McVickar v. Heirs of Ludlow, 2 Ohio, 246. In the instant case the levy on the personal and the real property was simultaneous. Section 11666, however, has been declared to be directory as to the order in which personal property and real property shall be sold on execution. Wheeling, L. E. & P. Coal Co. v. First National Bank, 55 Ohio St. 233, 45 N.E. 630. It is not necessary to decide this question, however, for if the levy did not give custody of the real property to the Hamilton County court, the bankruptcy court has jurisdiction. Straton v. New, supra.

■ While the levy is an indispensable step toward the consummation of sale, under section 11688, General Code of Ohio, confirmation is necessary to complete the sale and to transfer the title. Cf. Bassett v. Daniels, 10 Ohio St. 617, in which Chief Justice Swan stated:

"The title does not pass to the purchaser, the judgment creditor is not entitled to the purchase-money, the sheriff has no authority to make a deed to the purchaser, the purchaser is not entitled to the possession of the land, until the court have judicially determined that the sale has been legally made, and have confirmed the sale and ordered the sheriff to make a deed."

The levy did not affect the title. In addition, the company had possession until sale. In this respect a levy on real property differs from a levy on personal property in which the sheriff secures possession. Bisbee's Lessee v. Hall, 3 Ohio, 449, 465; Fowble v. Rayberg and Taylor, 4 Ohio, 45, 56; Reynolds' Heirs v. Ex'rs of Rogers, 5 Ohio, 169, 174; Vincent v. Lessee of Goddard, 7 Ohio, 188, 189, 190, pt. 2; Mayo v. Williams' Adm'r, 17 Ohio, 244, 248.

■ The record shows that the company had actual possession of the land, buildings and property in dispute, using it in the conduct of its business at the time of the filing of the petition in bankruptcy. The trustee, ever since his appointment, has had possession in fact of the land, buildings and property. Thus while the proceeds from the sale of the realty were appropriated to the payment of the judgment if and when sale should be made and confirmed, the levy did not confer constructive or actual possession thereof. All of the realty, including the fixtures, therefore passed into the custody of the bankruptcy court upon the filing of the petition.

Also in the plenary suit the trustee's petition, in addition to praying for a permanent injunction against the sale of the real estate, set forth the real estate mortgages, and prayed for marshaling of liens. The substantial rights of the mortgagees certainly require that such a marshaling be decreed. The Hamilton County court had no power to grant this relief, as section 11268, General Code of Ohio, requires that such an action be brought in the county in which the real property is situated, that is, in Butler County, and this is an additional reason why the state court has no jurisdiction here.

■ Our decision in No. 7618 disposes of No. 7597. The motion of Willis was grant-

[2] Section 11664, General Code of Ohio. "The writ of execution against the property of a judgment debtor issuing from a court of record, shall command the officer to whom it is directed, that of the goods and chattels of the debtor he cause to be made the money specified in the writ, and for want of goods and chattels, he cause his lands and tenements to be sold for cash."

Section 11666, General Code of Ohio. "The officer to whom a writ of execution is delivered shall proceed immediately to levy it upon the goods and chattels of the debtor. If no goods and chattels can be found, the officer shall indorse on the execution the words 'no goods,' and forthwith levy it upon the lands and tenements of the debtor which are liable to satisfy the judgment."

ed as to the personal property which the trustee was required to disclaim. Since the bankruptcy court has exclusive jurisdiction over and custody of the real property, the questions raised in appeal No. 7597 are moot and need not be considered.

The decree in No. 7618 is affirmed, and the appeal in No. 7597 is dismissed.