## SARAH I. SMITH v. HENRY A. BLAKE.

*Equity practice—Injunction—Demurrer—Mortgage—Fixtures.*

1. The raising of technical questions after a hearing upon the merits is not favored, and a bill will not be dismissed upon a demurrer clause in the answer unless it is fatally defective, and past remedy by amendment.[1]

2. While a preliminary injunction cannot properly be granted when the bill fails to allege the requisite facts upon the oath of the complainant, yet, if permitted to stand until the hearing, it should be perpetuated, if a basis for injunctive relief is established by the proofs.

3. Where the owner of land, upon which he has erected a foundry and machine shop, mortgages the land without mentioning the machinery in the building, which is owned by him, and, so far as necessary, fastened to the soil or building, and which is adapted to the business for which the building was erected, the mortgage will be held to cover the machinery, such being the intention of the parties, as shown by the preponderance of the proof.

Appeal from Cheboygan. (Pailthorp, J.) Argued April 21, 1893. Decided July 26, 1893.

Bill to restrain the removal of certain machinery. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

———————

[1] See *Zabel v. Harshman*, 68 Mich. 270.

*Henry W. MacArthur* (*George W. Bell*, of counsel), for complainant.

*George E. Frost* (*Oscar Adams*, of counsel), for defendant.

HOOKER, C. J. Complainant is the owner of a mortgage upon certain premises in the city of Cheboygan, used as a foundry, machine shop, and blacksmith shop. This mortgage was made December 14, 1882, for $2,000, with interest at 8 per cent., and was foreclosed by advertisement, the premises being bid in for $2,402.61 by the complainant, who (the bill states) will become entitled to a sheriff's deed upon July 3, 1892, at which time her investment will amount to $2,594.82. The bill is filed to restrain the defendant from removing certain machinery upon the premises, viz.: One iron planer; one upright power drill; one shaper; three iron lathes; one wood lathe; one upright engine; one horizontal boiler; one band saw and frame; one rip saw and frame; one foundry cupola furnace and blower; and the belting, shafting, pulleys, and boxes necessary for the running and management of the above machinery.

It is contended that the bill must be dismissed under the demurrer clause in the answer, for the following reasons, viz.:

1. That the bill does not allege that the articles named are fixtures.

2. That it fails to show any claim of the property in controversy by the defendant, or threat of removal.

3. That no injunction can properly issue upon information and belief.

Had a demurrer been filed, these objections would have been fatal. But the law does not favor the raising of technical questions after hearing upon the merits, and will not permit the dismissal of a bill upon a demurrer clause in the answer unless the bill is fatally defective, and past

remedy by amendment. *Barton v. Gray*, 48 Mich. 164; *Bauman v. Bean*, 57 Id. 1; *Lamb v. Jeffrey*, 41 Id. 719.

The bill impliedly states that these articles are part of the realty. When we read the sixth clause in the light of the whole bill, no other inference can be drawn.

The failure to allege threats could have been the subject of amendment in the court below, and probably would have been had any one considered it necessary. Threats were not even proved; but, as defendant's answer claimed this property to be personalty, not covered by the mortgage, and this question was all that was litigated, we may consider the intention to remove admitted.

This brings us to the merits of the case. The proof shows that all of these articles were placed in a building erected many years ago for a foundry and machine shop, by the owner of both, and, while some of the machines were not fastened to the soil or building, they were heavy, and it was unnecessary. All were adapted to the business for which the building was erected. Furthermore, the preponderance of the proof shows that the parties understood that this property was to be covered by the mortgage. We think the decision of the circuit court in holding that the mortgage covered these articles was in accord with the Michigan authorities.

A point is made that an injunction cannot properly be granted when the bill fails to allege the requisite facts upon the oath of the complainant. That is true where the injunction sought is preliminary, but we see no reason why relief by injunction cannot be based upon proof presented upon the hearing. In this case, while the injunction should not have been allowed, it was permitted to stand until the hearing, and, "sufficient equity appearing," it should be perpetuated. *Clark v. Young*, 2 B. Mon. 57.

The record may be remanded, with directions that complainant be allowed to amend her bill, whereupon the decree

may stand affirmed. Complainant will recover costs of both courts.

The other Justices concurred.