(Opinion published 56 N. W. Rep. 578.)

## Wm. O'DONNELL *vs.* JAMES BURROUGHS.

Submitted on briefs Oct. 3, 1893.   Reversed Oct. 20, 1893.

No. 8386.

**Platform scales set for use, not fixtures.**

> The owners of a village lot, with the consent of the village council, set platform weighing scales in the street opposite the lot, upon a brick foundation let down into the ground, the upper side of the scales being even with the surface of the ground.   *Held,* not part of the realty.

**One having rightful custody of a chattel may retain it as against a stranger.**

> The owners left the scales on the land after the foreclosure of a mortgage of the real estate became absolute.   *Held* that, as between the holder of the mortgage title and any one not having acquired the title to the scales from the original owners, the former is entitled to the possession and use of the scales.

Appeal by plaintiff, William O'Donnell, from a judgment of the District Court of Sibley County, *Francis Cadwell,* J., entered August 8, 1893.

On February 25, 1889, Brown and Flinn owned a lot in the village of Green Isle on which was a store building in which they sold merchandise and bought country produce.   In the street just outside the sidewalk in front of the building they had placed platform scales for weighing hay, grain and other bulky articles.   They obtained consent of the village council and had excavated a pit

three feet deep and put in a foundation twelve feet long by eight feet wide on which the scales rested, the platform being about even with the surface of street. These scales were used by them in their business and in weighing loads for others for hire. On that day they mortgaged the real estate to Thomas Welch to secure the payment of $2,000. On December 18, 1889, they sold and conveyed the real estate to Neil McLaughlin, subject to the mortgage. On February 18, 1891, McLaughlin made a general assignment to Frank E. Creelman of his nonexempt property for the benefit of his creditors. On July 28, 1890, Welch foreclosed his mortgage and bid in the real estate. No redemption was made and on August 25, 1891, he sold and conveyed the real estate to O'Donnell the plaintiff and he claims the scales as part of the real estate mortgaged to Welch.

Creelman, claiming that the scales went by the deed to McLaughlin and came to him by the assignment, sold them October 17, 1891, by bill of sale to the defendant, James Burroughs. The scales remain in the street, as placed by Brown and Flinn. The parties without action agreed upon a statement of the facts on which the controversy depends and made affidavit and submitted the question as to who owns the scales, to the District Court; pursuant to 1878 G. S. ch. 82, § 7. Judgment was there rendered for defendant, Burroughs, that he owned the scales and was entitled to their possession. The plaintiff, O'Donnell, appeals.

*W. H. Leeman,* for appellant.

Plaintiff O'Donnell contends that the scales were fixtures and passed to the mortgagee at the foreclosure sale and now belong to him. In the cases cited, scales were the subject of controversy and the foregoing proposition is confirmed. *Arnold* v. *Crowder,* 81 Ill. 56; *Bliss* v. *Whitney,* 91 Mass. 114; *McGorrish* v. *Dwyer,* 78 Iowa, 279; *Scudder* v. *Anderson,* 54 Mich. 122.

The license given by the village to Brown & Flinn in no way interfered with or affected their title or changed the character of the property, either to make it real estate or personal property.

O'Donnell received his deed from Welch and took possession on August 25, 1891. Burroughs did not receive his bill of sale from Creelman until October 17, 1891. From August 25 to October

17, the plaintiff was in the lawful possession, prior to any asserted right or title by defendant. McLaughlin's only source of title to the scales is his deed of the premises from Brown & Flinn and if the scales were not a part of the realty, they did not pass by the deed and McLaughlin never owned them, and plaintiff would be entitled to judgment as against defendant, on the ground of his. prior lawful possession.

*P. W. Morrison,* for respondent.

It is necessary to consider the intention of the parties, the nature of the article annexed, the purpose or use for which the annexation was made and the structure of the article and mode of its annexation, to determine whether it has become part of the real estate. A chattel does not assume the character of real property or become a fixture to it when placed upon a public street, with consent of the Village Council. If Brown & Flinn had intended the scales should become a permanent fixture to the freehold, they would have placed them upon the lot where their store building is constructed, instead of in the public street where they must be removed when ordered by the village authorities. *Hill* v. *National Bank,* 97 U. S. 450; *McRea* v. *Central Nat. Bank,* 66 N. Y. 489; *Voorhees* v. *McGinnis,* 48 N. Y. 278; *Pierce* v. *George,* 108 Mass. 78; *Ferris* v. *Quimby,* 41 Mich. 202.

The scales were personal property, placed upon the public street with the consent of the Village Council and were not physically annexed to the freehold so as to make them a part of it. They never passed under the mortgage from Brown & Flinn or under the deed to McLaughlin. *Wolford* v. *Baxter,* 33 Minn. 12; *Farmers L. & T. Co.* v. *Minneapolis E. & M. Works,* 35 Minn. 543.

It does not appear in the agreed statement of facts how McLaughlin acquired his title to the scales. It might be that McLaughlin bought them from Brown & Flinn as personal property, and separate from the real property. However, McLaughlin's right or title to the scales was never disputed and it was not necessary to investigate it.

GILFILLAN, C. J. Whether the platform scales are to be regarded as part of the realty or as personal property, it is impossible to

sustain the decision of the court below that the title to them is in the defendant. If real estate, the title passed under the mortgage to Welch and the foreclosure thereof, and plaintiff has that title. The mortgage was prior to the conveyance (by the mortgagors) to McLaughlin, under which alone the latter could claim title to the scales. If they were personal property they did not pass to him by the conveyance of the real estate, and he could not transfer them to his assignee, under whom defendant claims.

The facts stipulated, especially, that the scales were set up in the street opposite the lot of the parties setting them up; that the parties had to get, and did get, permission from the village council to set them there, and that consequently they could remain there only during and by the sufferance of the council,—are inconsistent with an intent to annex them permanently to the soil, so as to make them part of it. They were to be regarded as set up temporarily only, to be removed whenever the council should withdraw its permission. They did not become part of the real estate.

But, although not a part of the realty, so that the title of the original owners could pass to plaintiff under the mortgage and foreclosure, and although the title of the original owners may still remain in them, yet as between these two parties the right of the plaintiff is superior. The scales are in his possession, on his land, left there by the owners. If those owners choose to let them remain in his possession, no one else can question his right to possess and use them.

The judgment must be reversed, and the court below directed to enter judgment adjudging that the plaintiff is entitled to the sole possession and use of the scales.