| 98 | 657 |
| 102 | 483 |
| 98 | 657 |
| 154 | 4532 |

CHARLOTTE BIGELOW v. MELVIN SANFORD AND SAMUEL H. STEVENS.

*Equity practice—Demurrer—Misjoinder of parties—Quieting title.*

1. For a misjoinder of parties defendant, those only can demur who are improperly joined; citing *Sweet v. Converse,* 88 Mich. 1.

2. Usually, to entitle a complainant to a discovery, it must appear that the matters respecting which discovery is sought are not open to complainant, but are necessarily within the defendant's knowledge; citing *Hubbard v. McNaughton,* 43 Mich. 220.[1]

3. Where, on the allowance of a special demurrer, the objection

[1] See *McCreery v. Circuit Judge,* 93 Mich. 463, as to when a bill of discovery will lie, under our statute making the parties to a suit competent witnesses.

98 MICH.—42.

can be obviated by striking out the objectionable feature, opportunity should be given for amendment.

4. The right to bring a suit under 3 How. Stat. § 6626, which provides that any person claiming the legal or equitable title to lands, whether in possession or not, may institute a suit in chancery against any other person, not in possession, setting up a claim thereto in opposition to the title claimed by the complainant, is not barred by a possession on the part of the adverse claimant obtained by the forcible ouster of the complainant from possession; citing *Harrington v. Scott*, 1 Mich. 17; *Van Auken v. Monroe*, 38 Id. 725.[1]

5. A widow conveyed her farm in trust to her brother-in-law, upon his agreement to cultivate it, and render to her as rent a reasonable amount of the income derived therefrom. The grantee never entered upon the performance of the trust. The grantor retained possession of the farm until forcibly dispossessed by an attaching creditor of the grantee, who had bid in the land at execution sale and received a sheriff's deed, all with knowledge of the equities of the grantor. After the service of the attachment, and prior to the sale of the land on the execution, the grantee reconveyed the land to the grantor, and, after the creditor had taken possession, the grantor filed a bill against the grantee and the creditor to quiet title to the land. And it is held:

    *a*—That the grantee was not a necessary party complainant.

    *b*—That the bill, which charged the foregoing facts, made a case for equitable relief.

Appeal from Gratiot. (Daboll, J.) Submitted on briefs December 13, 1893. Decided February 12, 1894.

Bill to quiet title to real estate. Complainant appeals

---

[1] For cases construing How. Stat. § 6626, prior to its amendment in 1887, and when *possession* on the part of the complainant was a condition precedent to bringing suit thereunder, see:

1. *Stetson v. Cook*, 39 Mich. 750, 755, holding that the statute, in authorizing a person in possession to file a bill to quiet his title, was not intended to reach a case where a party, by sharp practice, had acquired possession 24 hours before filing his bill, and where previous thereto he had a remedy by ejectment.

2. *Watson v. Brewing Co.*, 61 Mich. 595, 606, holding that a bill filed under said statute should be dismissed where the possession necessary to support it was unfairly and surreptitiously gained, for the purpose of paving the way for a suit against those known to the complainant to be exercising acts of ownership over the premises, and against whom ejectment would lie.

from order sustaining demurrer. Reversed. The facts are stated in the opinion.

*S. J. Scott,* for complainant.

*Newell Leonard,* for defendants.

McGrath, C. J. This is an appeal from an order sustaining a demurrer, and dismissing complainant's bill.

The bill[1] sets forth that complainant was the owner in fee of certain lands; that, confiding in the honor and integrity of her brother-in-law, Melvin Sanford, she, on November 4, 1883, being a widow, and without any person to assist her in the cultivation of said lands, conveyed the same in trust to said Sanford, he "covenanting and agreeing with your oratrix to cultivate the same, yielding to your oratrix a reasonable amount of usufruct, as the rents, issues, and profits thereof; that Sanford, "either through inability to comply with the conditions under which he received the conveyance of said premises, or being otherwise moved to reject the trust, never entered upon the discharge thereof, but left your oratrix in the sole, visible, and actual possession thereof" up to the 1st day of May, 1892; that said Sanford, "after covenanting and agreeing as aforesaid, * * * removed from the neighborhood;" that, on November 21, 1885, she "commenced proceedings in this court, against said Sanford and one Samuel H. Stevens," to cancel said deed of trust," etc.; that thereupon said Sanford, on February 1, 1886, conveyed the said premises by warranty deed to complainant; that the only consideration for said conveyance was complainant's equities; that thereupon complainant ceased to prosecute said proceedings; that, on September 10, 1885, defendant Stevens attached said lands for a claim of $600 against said Sanford, proceeded to judgment, levied upon,

---

[1] The bill was filed August 18, 1892.

and, on August 29, 1889, sold the same at sheriff's sale; that, on "the 1st day of May, 1892, said Stevens, with force and arms, against the peace and dignity of the people, and without the consent of your oratrix, broke and entered the inclosure of your oratrix's premises aforesaid, and at divers times since then has trespassed thereon, and threatens to so continue, to the disturbance of your oratrix's possession and right of possession, to her irreparable injury and damage;" that the supposed attachment lien upon said premises "was never perfected by filing and recording a copy" of said writ; that said Stevens, when he took out said writ, well knew that said Sanford held no beneficial interest or estate in said lands, and that both the right of possession and use was vested in complainant; that the attachment, levy, and sale cast a cloud upon complainant's title.

The bill prays that defendants may be required to answer; that they may " especially answer and disclose the nature and purpose of the conveyance" dated November 4, 1883, "and of their several execution of the trust as trustees in succession;" that defendants account for any funds by them severally received as trustees; that the conveyance made to Sanford " may be declared a deed of trust, only, and that the title thereby conveyed was not subject to alienation;" that it may be declared that the lands conveyed by said deed were not subject to sale on execution, in satisfaction of the judgment of said Stevens against said Sanford, and that the sale thereof and conveyance to Stevens " vested no other or higher title, interest, and estate than was held by said Sanford, and is, therefore, null and void;" and that complainant may have such other relief, etc.

Defendant Stevens demurred specially.

The rule that, for misjoinder of parties defendant, those only can demur who are improperly joined (*Sweet v. Converse,* 88 Mich. 1), disposes of one of the assignments.

Sanford is, clearly, not a necessary party complainant.

The bill makes out a case for equitable relief. It does not necessarily follow, from the allegations of the bill, that the trust set up rested in parol, or that the covenants and agreements of the grantee were not recited in the deed of conveyance. The rule is that, when a party offers to show an agreement, it is to be presumed that he proposes to prove all that is requisite to make the agreement sufficient in law. *Seaman v. O'Hara,* 29 Mich. 66. It does appear from the allegations in the bill that defendant Sanford recognized the trust, and reconveyed the property. *Patton v. Chamberlain,* 44 Mich. 5.

One of the grounds of demurrer set up is that "it appears, from the statements in said bill, that complainant has a complete and adequate remedy at law," and it is insisted that, inasmuch as the bill does not set up that complainant is in possession, or that defendants are not in possession, the bill does not lie, under the statute (3 How. Stat. § 6626). The cause assigned does not cover the point sought to be made under it, but, however that may be, the bill alleged possession until May 1, 1892, and that, on that date, defendant Stevens, with force and arms, broke and entered the premises, etc. Conceding that complainant is not in possession, that Stevens is, and that his possession is that acquired as stated, courts will refuse to accord to a possession thus acquired the advantage which would naturally accrue from one acquired by fair and peaceful measures, and will not deprive a party, thus forcibly ousted, of a remedy to which the possession thus wrested from him entitled him. *Harrington v. Scott,* 1 Mich. 17; *Van Auken v. Monroe,* 38 Id. 725.

The allegations of the bill do not entitle complainant to a discovery. The bill sets out the purpose of the convey-ance to Sanford, that Sanford never entered upon the dis-charge of the trust, and that, recognizing the trust, he

reconveyed. Usually, to entitle complainant to a discovery, it must appear that the matters respecting which discovery is sought are not open to complainant, but are necessarily within defendant's knowledge. *Hubbard v. McNaughton,* 43 Mich. 220. The facts respecting the conveyance are set out by complainant as within her knowledge, an answer under oath is not waived, and the admission or denial of the facts set up will serve every purpose.

The court below dismissed the bill, but it does not appear upon what ground. On sustaining a demurrer which goes to the merits of the whole bill, the bill may be dismissed, but, on the allowance of a special demurrer of this nature, where the objection can be obviated by simply striking out the objectionable feature, the court should give an opportunity for amendment.

The decree of the court below is therefore reversed, with costs of this Court to complainant. The demurrer will be sustained as to the prayer for discovery. The record is remanded, and the complainant may apply to the court below for leave to amend.

The other Justices concurred.