DE LONG *v.* BALDWIN.

BOUNDARIES—DEEDS—STATUTE OF FRAUDS.

> Where the boundary line of premises conveyed is clearly located by the deed, the fact that during negotiations for the purchase it was agreed between the parties that the boundary should be marked by a certain cistern, and the further fact that the grantor acquiesced therein during the time that he continued to own the adjoining parcel, do not amount to such a mutual adjustment of a disputed boundary as will estop a subsequent purchaser of the parcel adjoining from setting up the statute of frauds against a claim based upon the parol agreement.

Error to Kent; Grove, J. Submitted November 19, 1896. Decided January 5, 1897.

Ejectment by Abram H. De Long and wife against Frank A. Baldwin and wife. From a judgment for defendants, plaintiffs bring error. Reversed.

*Lombard Bros.* (*Taggart, Knappen & Denison*, of counsel), for appellants.

*Earle & Hyde*, for appellees.

HOOKER, J.   The accompanying plat will show the situation of the premises involved in this cause.   On January 21, 1891, Herbert W. Heath was the owner of lot 2,

which was 100 feet long east and west, fronting Eleventh street, and he resided in a dwelling upon said lot.   On January 24th he sold the defendants a portion of this lot, the deed conveying all of said lot except a strip 35 feet wide from the east end of said lot.   The west line of a strip 35 feet wide taken from the east end of said lot runs through a brick cistern just east of the dwelling referred to, which cistern was fed from the roof of said dwelling, and was used by Heath while he occupied it, and by the defendants after their purchase.   Soon after their purchase, the defendants moved into said house, and have occupied it continuously since.   They erected steps which extended 20 inches beyond the line referred to, and were in the habit of crossing to a walk subsequently built upon

said 35 feet, which walk led to the street, said walk being built by Heath to be used in connection with a house which he built and occupied after the sale to the defendants. On June 15, 1892, Heath sold and conveyed, for a valuable consideration, to Bush, and he to the plaintiffs, the east 35 feet of said lot, including the dwelling thereon, and each entered and occupied the same without any notice of defendants' claims, other than that offered by his deed and defendants' occupancy. No fence separated the two parcels of land from each other or from the highway. Upon defendants' refusal to remove the steps from the premises claimed by the plaintiffs, an action of ejectment was brought, and plaintiffs bring it to this court by writ of error, judgment having been rendered in favor of the defendants upon a finding of fact and law.

The circuit court found that, during the negotiations for the purchase by defendants, Heath and Mr. Baldwin made some measurements, and he was told that the east boundary of his lot came to the east side of the cistern top or cover, which is about 15 inches farther east than the most eastern part of the steps, and that, before the deed was drawn, it was agreed that the east boundary of the parcel was the east side of the top of the cistern. It was found as a further fact that Heath acquiesced in the occupancy by the defendants up to such line, while he remained the owner of the premises, which occupancy was evidenced by the use of the steps and cistern. There can be no question that the land in dispute is not within the description contained in defendants' deed, which description is in no sense uncertain. There is nothing in the deed which could give rise to any controversy, and the defendants' claim of title to the disputed land rests entirely on an oral agreement to convey to the east side of the cistern cover, and occupancy such as it was. Being destitute of written title, the defendants' claim rests upon the proposition that the east line of the west 65 feet of lot 2 is not 65 feet east of the west line of the lot, but that it is about 66 feet 8 inches east of said

line; and the warrant for such claim is said to be an agreement that it should be at the east side of the cistern cover, which is about 68 feet from said west line, followed by an alleged occupancy, and acquiescence, to a point 66 feet 8 inches from said west line. The effect of this would be to give them a strip of land 20 inches wide across lot 2, in plain contravention of the statute of frauds, unless the case can be said to fall within the rule that a mutual adjustment of a disputed boundary, followed by the establishment of plain landmarks, and occupancy and acquiescence under such arrangement, fix the confines of lands, though it shall afterwards appear that such adjustment is not in accordance with the true paper title.

Counsel cite several cases; but the cases limit the rule to mutual agreements to settle *disputed boundaries,* and they do not apply unless the adjustment is accompanied or followed by the existence or erection of distinctive landmarks, showing the bounds of the respective parcels, and exclusive occupancy in accordance therewith. In *Smith* v. *Hamilton,* 20 Mich. 438 (4 Am. Rep. 398), it is said that "where the transaction has not been such as to amount *merely* to an honest attempt to determine a doubtful line, the authorities have not permitted an agreement to stand which would operate as a violation of the statute of frauds." The case of *Cronin* v. *Gore,* 38 Mich. 381, clearly recognizes this rule. In that case Chief Justice CAMPBELL, speaking for a unanimous court, said:

"In each one of these cases the line of division between the adjoining owners was distinctly fixed on the grounds under deliberate mutual action, had for the express purpose of fixing it. Neither of them rested on mere acquiescence. The parties were acting with particular reference to determining their respective lines, and for that specific purpose. And it was held that, where such deliberate dealings were had between the parties, the case rested on grounds similar to those which authorize the specific performance of parol agreements actually executed. It was held, also, that unless the transaction

amounted to an honest attempt, in case of question, to settle a doubtful line, the statute of frauds would apply to prevent the enforcement of an estoppel."

There is no room for that contention here. There has been no attempt to adjust existing differences, but, if defendants are to be believed, a mistake or fraud has occurred or been committed, whereby they have not received a conveyance of the full quantity of land bargained for. *Burns* v. *Martin*, 45 Mich. 22. See, also, *Terry* v. *Chandler*, 16 N. Y. 354 (69 Am. Dec. 707).

The judgment is reversed, and, under the finding of facts, we feel warranted in directing the circuit court to enter a judgment in favor of the plaintiffs in accordance with the allegations of their declaration. Ordered accordingly.

The other Justices concurred.