M. L. THOMSON, Appellant, v. J. B. SMITH, Defendant. T. J. PEARSON & BROTHER, Intervener.

**Scales:** WHEN FIXTURES. Wagon scales to weigh grain, placed on a foundation wall of stone and mortar, on which the platform hung, and from underneath which rods extended under a building used as an office, and up through the floor to the beam from which the weight was ascertained, became a fixture.

CONDITIONAL SALE: *Vendor's lien.* Where the vendor sold wagon scales to the defendant, on condition that title should not pass until the price was paid, but, before receiving his money, allowed them to be set up for use on defendant's lot, and the lot was sold at sheriff's sale on a judgment against defendant, the purchaser at such sale, who had no notice of the vendor's lien until after he had taken possession under the sheriff's deed, was entitled to the scales, as against the vendor.

*Appeal from Madison District Court.*—HON. A. W. WILKINSON, Judge.

WEDNESDAY, OCTOBER 3, 1900.

A decree was entered foreclosing a mechanic's lien in favor of the Frost Manufacturing Company, and also one

in favor of M. L. Thomson, on the sixteenth day of October, 1896. The lot, with appurtenances, was sold thereunder to the plaintiff June 17, 1897, and a sheriff's deed executed to him a year later. Because of defendant's threat to remove certain machinery from the premises, he was enjoined in this action from so doing. T. J. Pearson & Bro. intervened therein, alleging the sale of the wagon scales situated on the lot to the defendant, on the condition that the title was not to pass until the purchase price was entirely paid, and that eighty dollars was still due; and judgment was asked for the value thereof. The plaintiff answered that he purchased without notice, and acquired title to the scales under the sheriff's deed. Judgment was entered as prayed by intervener, and the case comes here on an appeal of the plaintiff, allowed by the trial judge.—*Reversed.*

*Steele & Robbins* and *Cummins, Hewitt & Wright* for appellant.

*Sam C. Smith* for appellees.

LADD, J.—The plaintiff, as purchaser at the sheriff's sale, had no notice of the intervener's claim to the wagon scales until after he had taken possession of the premises under the sheriff's deed. He then acquired precisely the same right to the fixtures under the deed as though he had bought directly from the defendant, and, conceding the sale of the scales by intervener to defendant to have been conditioned as contended, this would not affect the title of a third party buying in good faith without notice. *Stilman v. Flennicken,* 58 Iowa, 454; *Bringhoff v. Munzenmaier,* 20 Iowa, 513; 13 Am. & Eng. Law, 628. Under our statute, the intervener, in the absence of notice to the purchaser, would have been entitled to no protection, had the scales been sold as personal property. Section 2906, Code. If they became attached to the realty, and a part of it, a

sale of the land under like conditions would as certainly carry title thereto. The vendor, having put it in the power of the vendee to attach them as a fixture to the land, and as such to sell to innocent purchasers, is not in a situation to complain when this was done. *Wickes v. Hill,* 115 Mich. 333 (73 N. W. Rep. 375. See *Ice, Light & Water Co. v. Lone Star Engine & Boiler Works,* 15 Tex. Civ. App. 694 (41 S. W. Rep. 835); *Fifield v. Bank,* 148 Ill. Sup. 163, 39 Am. St. Rep. 166, note (s. c. 35 N. E. Rep. 802); *Muir v. Jones,* 23 Or. 332 (19 L. R. A. 441), note (s. c. 31 Pac. Rep. 646).

II. But were these wagon scales fixtures at the time of the sale? The building on the same lot was equipped with machinery for, and used as, a feed mill. The scales rested on a foundation wall of stone and mortar, within which the platform hung. The earth was removed somewhat below the surface, leaving a pit within the walls about twenty inches deep. The only testimony indicating the manner of attachment to this wall is that of defendant, who said: "The scales are not hung to the frame. They set on castings in the corner,—the stirrups that set in the castings. It was necessary to put down a solid foundation for these castings to set on; that is, two by twelve plank laid on the stone, the castings on the corners, and the scales set in those castings, just framed around the outside,—six by six or six by eight timber." As we understand this, the platform of the scales, on which wagons are drawn, was hung by stirrups attached to its frame, in castings resting on plank laid on the foundation. From beneath this platform the supporting rods extended through the wall under the building through its floor to the beam on the inside, where the weight was ascertained. The record fails to disclose whether any part was fastened in any way, save as indicated, to the wall or building. But it may be assumed that, as large amounts of grain were weighed, the fastenings were sufficient to hold the scales in their proper place. It

should also be added that up to October, 1896, the defendant got along with small scales in the mill; and at that time he began dealing in grain for shipment, and put in the scales in controversy mainly for that purpose. The grain was weighed thereon, and then hauled to the cars; but he made use of his office in the mill in carrying on this business, and weighed thereon at least one-fourth of the grain to be ground in the mill. In *Woolen Mill Co. v. Hawley,* 44 Iowa, 57, the court recognized the united application of the following requisites to be the true criterion in testing whether an article is a fixture: (1) Actual annexation to the realty or something appurtenant thereto; (2) application to the use or purpose to which that part of the realty with which it is connected is appropriated; (3) the intention of the party making the annexation to make a permanent accession to the freehold. The intention was treated in that case as a matter of paramount importance, and this seems to be the modern rule, but the first and second requisites were by no means dispensed with. Annexetion is the *sine qua non* of an article, in order that it be a fixture. But it has long been recognized, as in the above case, that a physical attachment to the realty is not always essential. *Society v. Fleming,* 11 Iowa, 533. *McGorrisk v. Dwyer,* 78 Iowa, 279; *Shepard v. Blosson,* 66 Minn. 421 (69 N. W. Rep. 221, 61 Am. St. Rep. 431); Washburn Real Property, 14; *Feder v. Van Winkle,* 53 N. J. Eq. 370 (33 Atl. Rep. 399, 51 Am. St. Rep. 628; 13 Am. & Eng. Enc. Law, 605). Thus, in the early case of *Walker v. Sherman,* 20 Wend. 636, Cowan, J., remarked that: "Nothing of a personal nature in itself would pass under a deed to land unless it be brought within the denomination of a fixture by being in some way permanently, at least habitually, attached to the land or some building upon it. It need not be constantly fastened. It need not be so fixed that detaching will disturb the earth or rend any part of the building." And in

*Wolford v. Baxter,* 33 Minn. 18 (21 N. W. Rep. 745), the court, through Mitchell, J., said "that, to make an article a fixture, it must not merely be essential to the business of the structure, but it must be attached to it in some way, or at least it must be mechanically fitted, so as, in ordinary understanding, to constitute a part of the structure itself. It must be permanently attached to, or the component part of, some erection, structure, or machine which is attached to the freehold, and without which the erection, structure, or machine would be imperfect or incomplete." Boilers and engines by which machinery is propelled, merely resting on suitable foundations, have been repeatedly declared a part of the land. This is because so fitted to the foundations, which are unquestionably of the realty, and erected for the special purpose of sustaining them, that they are deemed a portion of the structure. And in numerous cases retention of heavy machinery or structures in place by force of gravity has been deemed sufficient attachment. *Snedeker v. Warring,* 12 N. Y. 170; *Holland v. Hodgson,* L. R. 7 C. P. 334; *Paper Co. v. Servin,* 130 Mass. 511; *Smith v. Blake,* 96 Mich. 542 (55 N. W. Rep. 978); *Langdon v. Buchanan,* 62 N. H. 657; *Manufacturing Co. v. Gleason,* 36 Conn. 86. So, while these scales may not have been physically attached, by bolts, nails, or cement, to the land, they were nevertheless held thereto by being so mechanically fitted as that the platform hung within the wall supporting it and erected for that sole purpose, and the supporting rods entering the building through its walls and floor, connecting with the beam above. Besides, such scales are ordinarily placed for permanent use in connection with particular real estate. True, they might have been removed, by taking apart, without injury to the land. This, however, is not a controlling circumstance, and is of chief importance as bearing on the intention with which the attachment was made. *Doughty v. Owen* (N. J. Ch.) 19 Atl. Rep. 540; *Sweetzer v. Jones,* 35 Vt. 317 (82 Am. Dec. 639). See cases collected in 13 Am. & Eng. Enc. Law, 602.

The connection was sufficient to bring the case within the first requisite.

III.    That the scales were placed for use in connection with the building admits of no doubt.    The office therein was occupied by the defendant both in operating the mill and in dealing in grain for shipment.    While the scales could possibly have been dispensed with in the former business, though with much inconvenience, they could not well have been in the latter.    Besides, their actual rather than necessary use is the point involved.    They were not only used in connection with the building in both businesses, but were set for that express purpose.

IV.    The character of the annexation and the use, if found, is mainly of importance in determining the intention of defendant in making it.    This intention is not the secret purpose of the owner, but that which should be implied from his acts.    This is ordinarily to be inferred from the nature of the article, the manner and object of its use, and mode of its annexation.    *Hopewell Mills v. Taunton Sav. Bank,* 150 Mass. 519 (23 N. E. Rep. 327, 15 Am. St. Rep. 235) ; *Roseville Alta Min. Co. v. Iowa Gulch Min. Co.,* 15 colo. 29 (22 Am. St. Rep. 373). Everything indicates that the scales were intended to remain permanently where located, and to be continually used in connection with the land,—the character of the foundation, the connection with the beam inside, their convenience in defendant's business, both as miller and dealer in grain.    That they extended a few inches into a neighboring lot is not material to this inquiry, as the owner of that made no objection.    As well say a house a few inches over the line is not real estate.    In *O'Donnell v. Burroughs,* 55 Minn. 91 (56 N. W. Rep. 579), relied on by the appellee, the scales were in the street.    But see *McGorrisk v. Dwyer,* 78 Iowa, 279, where track scales, though on the land of a railroad, were held to be fixtures attached to the building similarly situated. *Arnold v. Crowder,* 81 Ill. 56 (25 Am. Rep. 260) ; and *Bliss*

*v. Whitney,* 9 Allen, 114, hold similar platform scales part of the realty. We are of opinion those in controversy were intentionally annexed permanently to the land, and passed with it under the sheriff's deed.—REVERSED.

GRANGER, C. J., not sitting.