## HOOPER *v.* HERALD.

1. TRESPASS—ACTION—EVIDENCE—POSSESSION.

In an action of trespass for the removal of a fence erected by plaintiff along a claimed boundary, evidence examined, and *held*, to show that at no time prior to the erection by him of the fence was plaintiff in the lawful possession or occupancy of the disputed strip; that in building it plaintiff trespassed upon defendant's possession; and that there was nothing in the record that warranted a finding that, by building the fence and the lapse of time, plaintiff acquired a lawful possession, or divested that of defendant.

2. BOUNDARIES — ESTABLISHMENT — ORAL  AGREEMENT — SUFFICIENCY.

An oral agreement to establish a boundary between adjoining landowners is ineffectual where there has been no occupancy and acquiescence under it, both being essential.

154 MICH.—34.

3. TRESPASS—ACTION—TITLE—POSSESSION—REQUISITES.
   Plaintiff could not maintain trespass for the removal of a fence
   which he erected along a claimed boundary, where he never
   had possession of the disputed strip, and had no claim to it
   except an oral agreement establishing a boundary under
   which no occupancy or acquiescence was shown.

Error to Livingston; Miner, J.  Submitted October 15, 1908.  (Docket No. 94.)  Decided November 2, 1908.

Trespass quare clausum fregit by William P. Hooper against Willard L. Herald.  There was judgment for plaintiff, and defendant brings error.  Reversed.

*Shields & Shields*, for appellant.

*Louis E. Howlett*, for appellee.

HOOKER, J.  The parties to this action, and their respective fathers before them, owned and occupied adjoining tracts of land on sections 13 and 24, in Green Oak township, Livingston county, Mich., beginning in 1864, the lands on section 13 adjoining those on section 24. There was an old fence between their premises at a very early date.  Section 24 is said to have contained more than 640 acres, which gave rise to a dispute about the boundary, and led to a survey to establish it, at the instance of plaintiff's father, in the year 1879.  The plaintiff claims that on a prior occasion the fence had been divided on measurements made by Peter Hooper and Emmet Herald, who then agreed orally that Mr. Hooper should move the fence upon section 13 to the line then established and maintain it, and that he did so.  He claims, further, that it was then and there agreed that the fence on section 24 should be left standing where it then was until a new fence should be needed, and then Mr. Herald should build a new fence on the line established by the survey, a distance claimed to be eight feet east of the old fence. The plaintiff admitted in his testimony that the old fence is the only fence that existed between the parties on sec-

tion 24, and that Herald repaired it from time to time while it stood and replaced a part of it with board and afterwards with wire fence, placing these still farther to the west than where the old fence had stood.

The action is trespass, commenced in justice's court, and certified to the circuit on a plea of title. It was admitted that plaintiff owns the northwest quarter and defendant the northeast quarter of the northwest quarter of section 24, but nothing shows that the strip of eight feet in dispute belonged to one or the other, as surveyed by the government surveyors, and apparently the plaintiff bases his claim to a recovery upon the oral contract which his counsel say established a boundary between those parcels. Defendant's counsel say that there was no such establishment of a boundary, and, had there been, trespass would not lie, for plaintiff never was in possession, while the defendant always occupied it, and under such circumstances ejectment only is a proper remedy. There was testimony by a Mr. Kinney that in 1886 he heard a conversation about the fence, wherein Peter Hooper and Emmet Herald agreed to build it, Hooper to build the north half on section 13 and Herald the south half on section 24, and that Hooper pointed out a stake about 15 feet east of the line of the old fence, and they agreed to put it there when they should build it. In 1906 the parties being in dispute about the boundary, plaintiff proceeded to build 40 rods of wire fence upon what he claims to be the line, and then went to Oregon. On his return he found it gone. Apparently when defendant learned of it he removed it, and has it in his possession for the owner. There are, therefore, two questions in the case:

(1) Did plaintiff have possession at the time of the alleged trespass?

(2) If not, has plaintiff proved his title to the strip?

*Possession.* We think the record conclusively shows that at no time prior to the erection by him of the wire fence was plaintiff in the lawful possession or occupancy of the strip, but defendant was so at all times prior there-

to; this appearing from undisputed testimony. Plaintiff trespassed upon the defendant's possession in erecting the fence, and there is nothing in this record that warranted the jury in finding that, by building it and the lapse of time, he acquired a lawful possession, or divested that of the defendant. *Harrington* v. *Scott*, 1 Mich. 17; *Van Auken* v. *Monroe*, 38 Mich. 729; *Doe* v. *Dyball*, 3 C. & P. 610; *Asher* v. *Whitlock*, L. R. 1 Q. B. 1; *Christy* v. *Scott*, 14 How. (U. S.) 282; *Bigelow* v. *Sanford*, 98 Mich. 661; *Stetson* v. *Cook*, 39 Mich. 750.

*Title.* There is no testimony tending to prove that the plaintiff has lawful title to the strip because the only proof that it is a part of the northwest quarter of the northwest quarter is the alleged oral agreement to treat it as such by establishing a boundary. This is insufficient, because there has been no occupancy and acquiescence under said alleged agreement such as the law requires, both of which are essential. *White* v. *Peabody*, 106 Mich. 148; *Tritt* v. *Hoover*, 116 Mich. 8; *Jones* v. *Pashby*, 67 Mich. 459; *DeLong* v. *Baldwin*, 111 Mich. 469; *Olin* v. *Henderson*, 120 Mich. 158; *Turner* v. *Angus*, 145 Mich. 681; *Smith* v. *Hamilton*, 20 Mich. 438; *Cronin* v. *Gore*, 38 Mich. 384. For a full citation of cases involving this question, see *Tillis* v. *Folmar*, 145 Ala. 176 (8 Am. & Eng. Ann. Cas. 78).

We are of the opinion that the learned circuit judge erred in not directing a verdict for defendant. Judgment reversed, and new trial ordered.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.