MACOMBER *v.* COTTRELL.

1. EQUITY—PLEADING AND PRACTICE—DECREE ON DEMURRER.
   Although Chancery Rule 9, subd. *e*, requires that after a demurrer to the bill of complaint has been sustained, the complainant be given an opportunity to amend, the bill may be dismissed unless it can be effectively amended.

2. SAME—APPEAL AND ERROR—STATUTES.
   Act No. 299, Pub. Acts 1909, amending 1 Comp. Laws, § 549, is declaratory of the pre-existing practice in circuit courts as to the right to amend, and is not intended to confer an absolute right to amend in all cases, where the demurrer is sustained on appeal.

3. SAME—AMENDMENT—DECREE.
   An opportunity to amend complainant's bill of complaint in the case of *Macomber* v. *Cottrell, ante,* 91, is permitted on a showing of additional facts tending to prove fraud and collusion, and the decree is amended by substituting for the order of dismissal an order remanding the cause with leave to file an amended bill of complaint.

Bill by Allen E. Macomber against George Cottrell and others to set aside a compromise agreement and an assignment of a claim and for an accounting: On motion of complainant to amend the decree in the cause reported at page 91, *ante.* Motion granted December 7, 1910. (Docket No. 64.)

*William S. Jenney,* for the motion.

*Stevenson, Carpenter & Butzel* and *James G. Tucker,* contra.

HOOKER, J. The cause was heard on appeal from an order overruling demurrer to the bill. The order was reversed and the bill dismissed. The cause is reported *ante,* 91.

Counsel now ask us to amend the decree; fix a time

within which complainant may amend his bill, and remand the cause for further proceedings.  This application is upon two grounds.  *First*, the statute, Act 299, Pub. Acts 1909.  *Second*, the proposed statement of further facts set forth in the application now before us.

1. **Statute.**  The practice in chancery requires an opportunity to amend bill or answer after demurrer sustained. Chancery Rule 9, subd. *e*, former Rule 23.  In *Creasey* v. *St. George's Society*, 34 Mich. 51, a decree for complainant without permitting defendant to answer, held premature; "defendant should have had *leave* to answer."  It seems then that *leave* is necessary.

In *Lamb* v. *Jeffrey*, 41 Mich. 719 (3 N. W. 204), it was held that the bill should not be dismissed on demurrer unless the defects are not amendable, while in *Smith* v. *Blake*, 96 Mich. 542 (55 N. W. 978), the same exception was made.

In *Bigelow* v. *Sanford*, 98 Mich. 662 (57 N. W. 1037), we said that on sustaining a demurrer which goes to the merits of the whole bill, the bill may be dismissed, etc.

In *Aldine Manfg. Co.* v. *Phillips*, 118 Mich. 171 (76 N. W. 371), we held that the opportunity should have been given below had it been asked, which we would not presume.  See, also, *Bank of Michigan* v. *Niles*, Walk. Ch. (Mich.) 396; *Church* v. *Holcomb*, 45 Mich. 29 (7 N. W. 167).

The rule announced in *Bigelow* v. *Sanford* seems to show that the circuit court has power to dismiss a bill where a general demurrer is sustained, and that it is proper where the bill cannot be effectively amended. That it is a proper rule seems plain for it would be unfortunate if it should be necessary to go to a hearing of the merits on an amended bill or upon demurrers to the same to ascertain that the amended bill or answer could not be amended.  Such a rule would, in the latter case, put it in the power of a complainant to protract the litigation for as long a time as he should be able to file new pleadings.  *Bigelow* v. *Sanford* is in line with the prac-

tice generally. 1 Enc. Pl. & Prac. p. 481; Fed. Eq. Rule 35; *Riddle* v. *Whitehill*, 135 U. S. 627; 1 Enc. Pl. & Prac. p. 488; *Hardin* v. *Boyd*, 113 U. S. 761; *Shackleford* v. *Bankhead*, 72 Ala. 476.

It is contended that the statute, 1 Comp. Laws, § 549, as amended by Act No. 299, Pub. Acts 1909, requires an opportunity to amend in all cases of hearing on demurrer on appeal to this court. This statute was passed in 1883, prior to which no appeal could be taken from an order overruling a demurrer. We are of the opinion that it should be construed to be declaratory of the pre-existing practice in circuit courts and its application to cases in this court upon appeal, the question being heard *de novo*, and that it was not the intention to make the giving an opportunity to amend mandatory in all cases. The rule has never been so construed although the language seems to be equally broad. We see no reason for giving the statute a different construction from that given the rule. We must, therefore, overrule the first ground relied on.

2. **Amendment.** The dismissal of the bill was based on an affirmative showing of a compromise therein contained, and while we recognize the fact that settlements or compromises of pending litigation may be set aside for fraud, we were of the opinion that the bill did not contain allegations warranting such relief, but affirmatively showed the contrary.

The new application is based on new and other allegations of fraud and collusion. We do not wish to pass upon their sufficiency at this time. We recognize, however, and approve the practice which gives complainants an opportunity to amend in all cases where the defects in the bill are not such as to be necessarily fatal, beyond the power of amendment, and think it should be followed in this as well as the lower court, and that ordinarily doubts of the ability to amend and the propriety of an amendment should be resolved in favor of giving an opportunity. In view of the facts now alleged, we think it advisable to amend the decree, substituting for the order of dismissal

an order that the cause be remanded with leave to the complainant to file an amended bill within 30 days after notice of the filing of the record in the circuit court.

Costs will be allowed on this motion.

MOORE, McALVAY, and BROOKE, JJ., concurred. BLAIR, J., concurred in the result.