MACOMBER *v.* COTTRELL.

COMPROMISE AND SETTLEMENT — CONTRACTS — FRAUD — SETTING
ASIDE INSTRUMENTS—EXECUTORS AND ADMINISTRATORS.

A demurrer was correctly sustained to the bill of complaint of
complainant wherein it was alleged that the executor of an
estate against which complainant presented a claim, based
upon a trust fund in the hands of decedent, who had during
his lifetime made a settlement with complainant, again com-
promised the same with complainant, fraudulently stating,
however, that there was no trust fund as claimed by com-
plainant, concealing at the same time from his knowledge
evidence in the hands of the executor which would have
established the claim, where it appeared that complainant
entered into the compromise with the advice of able counsel,
who approved the written instrument, in which the facts
relative to the trust fund and complainant's claim concerning
it were fully recited. *Held*, also, that the averments of the
bill do not materially differ from the averments of a prior
bill considered by this court in *Macomber* v. *Cottrell*, 162
Mich. 91 (127 N. W. 402).

Appeal from Macomb; McKay, J. Submitted Janu-
ary 15, 1912. (Docket No. 62.) Decided July 22, 1912.

Bill by Allen Macomber against George Cottrell and
others to set aside a compromise agreement for fraud.
From an order overruling a demurrer to complainant's
bill, defendants appeal. Reversed.

*William S. Jenney* (*Erskine & Lungerhausen* and
*Fred A. Baker* and *Harrison Geer*, of counsel), for
complainant.

*Stevenson, Carpenter & Butzel* (*James G. Tucker*,
of counsel), for defendants.

BROOKE, J. This case is now before the court for the
second time. It will be found reported at 162 Mich. 91

(127 N. W. 402), where we held that the bill was without equity, sustained the demurrer thereto, and entered a decree of dismissal. Later an application was made to amend the decree so as to permit complainant to file an amended bill. A proposed statement of further facts was tendered with the application. Out of an abundance of caution, the court amended its decree permitting the filing of an amended bill without passing upon the sufficiency of the new matter tendered. 162 Mich. 718 (128 N. W. 796). An amended bill was then filed. The substance of the original bill will be found set out in our former opinion.

An examination and comparison of the bill tendered to this court on the motion to amend the decree and the bill which was later filed in the court below shows that some of the specific averments contained in the proposed bill have been omitted from the bill as filed, though the substance of most of them in a different form has been incorporated therein. Comparing the bill as filed with the one considered by this court in its former opinion, we find that many of the specific averments of the earlier bill have now been made vague and indefinite.

The present bill makes no reference to the book account (published in full in our former opinion), the concealment of which was made the foundation of that proceeding, though the same matters are alleged without reference to the account. The new bill makes averment that the recitals contained in the compromise agreement of January 18, 1909, were false and known to be false by all the parties to that contract. It charges in part:

"Fifteenth. That an appeal was taken to the circuit court for said county from the order disallowing said claim, and, pending the disposition of such appeal, said Allen E. Macomber caused an investigation to be made to determine whether such claim could be supported by evidence; that said Wolford and the said heirs at law of said Cottrell, knowing such investigation was being made and for the purpose of deceiving and defrauding said Allen E. Macomber, and with the intention of converting said trust

fund to the said estate of said William Cottrell, deceased,
and to defeat the just claim of said Allen E. Macomber
therein, deliberately concealed from him the existence of
said trust fund and the evidence in their possession tend-
ing to establish the same and expressly represented to him,
through his agents and attorneys, well knowing the fact
of such agency and that such representations would be
communicated by them to him, and that he would act
thereon, that no such trust fund in fact had ever existed,
and that all money and property belonging to the said
Georgia Cottrell had been by her given to her husband
during their married life, and that no fraud or deception
had been committed by the said Cottrell in obtaining such
assignment.    *    *    *

"Sixteenth.   That said Wolford and said heirs at law,
with the intention of further deceiving and defrauding
said Allen E. Macomber, caused said agreement to be
cunningly and craftily prepared and to contain various
and divers fictitious recitals of fact and of knowledge on
the part of the said Allen E. Macomber so as to foreclose
him or his legal representatives, if possible, from com-
plaining of such fraud should it ever be discovered, they
knowing of his old age and infirmities; that with this
purpose in mind they caused said instrument to falsely re-
cite knowledge on the part of Allen E. Macomber of the
creation, existence, and the amount of such trust fund,
and the possession of proof on his part to establish such
alleged facts, when, in fact, as said Wolford and said
heirs at law then well knew, he had neither knowledge of
such facts, nor proof to establish the same, so cunningly
had the said Wolford and said heirs at law concealed and
suppressed the existence of said trust fund; that said re-
citals of fact were placed in said agreement by said Wol-
ford and said heirs at law, not for the purpose of showing
the true facts, but simply for the purpose of further de-
frauding and injuring said Allen E. Macomber; they
believing that by placing these words in the mouth of
said Allen E. Macomber that they could make it appear,
if the fraud and deception were ever afterwards discov-
ered, that he was not in fact defrauded, but that he had
acted with full knowledge of the existence and amount of
said trust fund.    *    *    *

"Seventeenth.   That said Allen E. Macomber relied up-
on the fact that said Wolford, as executor, was an officer
of the probate court, and that he would fully inform him

and said probate court of the facts in relation to said trust fund, as it was his duty so to do, and that when said Wolford and the said heirs at law expressly represented, as aforesaid, that there had in fact been no such trust fund nor property or assets of said Georgia Cottrell in the possession of said deceased Cottrell, and that all her property had been by her given to her husband during their married life, said Allen E. Macomber relied upon these representations, not knowing they were false, and they materially and largely influenced him in executing the alleged agreement (Exhibit C), he being deceived by such fraudulent conduct and representations, and he would not have executed said pretended agreement (Exhibit C), had he been apprised of the facts in relation to such trust fund; that, supposing there was no trust fund as above set forth, he gave little or no attention to the phraseology of such alleged agreement, and did not know or understand the import thereof, the same having been presented to him for signature."

Defendants demurred, raising the following points:

"1. The amended bill is not a proper amended bill.

"2. The amended bill is defective as a pleading.

"3. The fraud alleged is not such a fraud as equity will relieve against, because: (a) It was the very thing settled; (b) it has been concluded by a judgment; (c) it has no relation to the injury alleged.

"4. There was no obligation to disclose upon William Cottrell, his executor, or his heirs.

"5. The complainants do not come into court with clean hands.

"6. The facts were agreed to be as set forth in the compromise agreement."

This demurrer was overruled, and defendants have again appealed.

We will not consider these grounds *seriatim*, but will briefly review the situation. When Georgia Macomber Cottrell died in August, 1900, her brother Allen E. Macomber at once claimed an interest in her estate. Her husband, William Cottrell, insisted at that time that she had given her estate to him in her lifetime. The disputed question then being in litigation, an agreement was made between the parties whereby, for a consideration of

$55,000, Allen E. Macomber assigned his interest in his sister's estate to William Cottrell. On the faith of that assignment, the residue of the estate of Georgia Macomber Cottrell was assigned to William Cottrell, and no appeal was taken from the order of distribution.

William Cottrell died August, 1907, more than six years after the settlement with Allen Macomber. Whereupon Macomber presented a claim against the estate of William Cottrell in which he described his claim as consisting of "one-half of all the property in the hands of the said William Cottrell belonging to said Georgia Cottrell at the time of her death, together with the accumulations and profits thereon." Said claim described the negotiations between William Cottrell and the claimant, which resulted in the payment by Cottrell of the sum of $55,000, and the assignment by Macomber to Cottrell of all right, title, and interest in the estate of Georgia Cottrell.

It is averred that said assignment was made because said Cottrell then claimed that Georgia Cottrell left no estate. The claim further recites that:

" Your petitioner further shows that he is informed and believes and charges the truth to be that the statements of the said William Cottrell, to the effect that the said Georgia Cottrell died without any estate, were false and were made for the purpose of defrauding and defeating your petitioner from recovering his proportion of said estate, and for the purpose of obtaining from your petitioner an assignment of all your petitioner's right and interest in and to said estate, but that, on the contrary, the said estate did amount to some $400,000 and upwards, all of which was unknown to your petitioner."

This claim was disallowed by the commissioners on claims against William Cottrell's estate, and Macomber then perfected his appeal to the circuit court. While this appeal was pending, counsel for Macomber submitted an offer for settlement which resulted in the payment of $30,000 to Macomber, and the execution of the agreement and discharge set out in full in our former opinion. The offer recites that it is made after consultation with

Bale, Miller, and Allor. Miller and Allor were married to the two daughters of Allen Macomber, and Allor was himself an attorney of experience. Macomber was at this time a man of advanced years (he is now dead), and it was doubtless anticipated that his daughters would reap the benefit of any settlement accomplished.

In this settlement Macomber and his daughters were represented by Mr. Joseph H. Clark, Mr. Fred A. Baker, and Mr. Harrison Geer. These three men stand among the most reputable and prominent in their profession in Michigan. They were bound to, and we think they did, carefully protect the rights of their client. In our opinion, it is of no consequence that the contract of settlement was drawn by the attorneys for one side or the other; it was at all events the subject of the closest scrutiny by able counsel, acting for complainant, and Macomber doubtless executed it relying upon their advice.

It is claimed that the recitals in the contract are false and were known to be false by all the parties in interest. Complainants now say in effect:

"In making the settlement and for the purpose of securing $30,000, Allen Macomber asserted that he knew and could prove certain facts. He knew, and the defendants knew, that he had no such knowledge and could make no such proof. We now actually have the means of proving the identical facts which he then represented himself as being able to prove, therefore we should be relieved from his settlement."

It would seem that the simple statement of such a proposition would constitute a sufficient answer to it.

It cannot, we think, be denied that the $30,000 was paid upon the assumption that the recitals were true; at any rate, Allen Macomber represented them to be true, and his representatives should not now be heard to say that they were false. But, whether true or false, the fact remains that the gravamen of Macomber's claim was that Cottrell had fraudulently concealed the truth from him, and had fraudulently made false statements in regard to

the estate left by Georgia Cottrell.   That was the claimed fraud for settlement of which $30,000 was paid.   And that is the identical fraud for relief against which this bill is filed.

Assuming that it was the duty of Wolford, Cottrell's executor (which is denied and which we do not determine), to disclose to Macomber, who was making a claim against the estate of his testator, all the evidence in his possession which would tend to sustain that claim, and that he refused to perform that duty, and falsely asserted that there was no such evidence, does that fact entitle complainant to have the contract of settlement set aside ?   We think not.   Macomber knew, or at any rate his counsel knew, that, in the trial of his action then pending, Wolford, though adverse, could be compelled to produce all the evidence in his possession bearing upon the claim.   Rather than compel such production and take his chance of failure, he determined, under the advice of competent counsel, to make the settlement in question for the reasons therein stated.

In its essence, the bill now under consideration is the same as the one considered in our former action.   We are of the opinion that the amended bill is subject to criticism for the same infirmities pointed out in the original bill as well as others which we find it unnecessary to discuss. The decree is reversed and the demurrer sustained, with costs of both courts.

MOORE, C. J., and STEERE, MCALVAY, STONE, and OSTRANDER, JJ., concurred.   BLAIR and BIRD, JJ., did not sit.