MACOMBER v. COTTRELL.

APPEAL AND ERROR—AMENDMENT—DEMURRER—STATUTES.

On appeal from an order sustaining a demurrer to a bill of complaint it is discretionary with the court, in affirming the case, to permit an amendment to complainant's bill or to dismiss it without leave to amend. Act No. 299, Pub. Acts 1909, 1 Comp. Laws, § 549, 4 How. Stat. (2d Ed.) § 12071. BIRD, J., dissenting.

Bill of complaint by Allen E. Macomber against George Cottrell and others. On motion to amend decree entered in case of *Macomber* v. *Cottrell*, 171 Mich. 371 (139 N. W. 68). Submitted October 18, 1912. (Calendar No. 24,762.) Amendment denied December 17, 1912.

*William S. Jenney*, for the motion.

*Stevenson, Carpenter & Butzel*, contra.

MOORE, C. J. This is an application for leave to substitute Esther Macomber as complainant and to amend the decree heretofore entered, and for other relief. The application is opposed for various reasons, and among these it is made to appear by affidavits that since the decree was entered, after due notice, the estate has been distributed, and the administrators *de bonis non* with the will annexed have been discharged.

This seems to be another phase of a very protracted litigation where a large estate is involved. A reading of the opinions therein rendered, which are found in *Macomber* v. *Cottrell*, 162 Mich. 91 (127 N. W. 402), *Id.*, 162 Mich. 718 (128 N. W. 796), and *Id.*, 171 Mich. 371 (139 N. W. 68), will afford a complete understanding of the questions involved.

One of the contentions of the solicitors for complainant is stated in the brief as follows :

"Section 549, subsec. 143, 1 Comp. Laws, as amended by Public Act No. 299 of 1909, p. 701, provides 'that when an appeal is taken from an order sustaining or overruling a general demurrer, the case shall, upon decision thereof by the Supreme Court, be remanded to the circuit court in chancery, and the complainant may amend his bill of complaint, within such time as the Supreme Court may prescribe and the cause shall then be disposed of as though no appeal had been taken.' It would seem that the foregoing statute is mandatory, and that any decree not in harmony therewith is a nullity, and should be disregarded by the court."

A claim, substantially the same, was made before in this case. In discussing it Justice HOOKER, speaking for the court, said:

"We are of the opinion that it (the statute relied upon) should be construed to be declaratory of the pre-existing practice in circuit courts and its application to cases in this court upon appeal, the question being heard *de novo*, and that it was not the intention to make the giving an opportunity to amend mandatory in all cases. The rule has never been so construed although the language seems to be equally broad. We see no reason for giving the statute a different construction from that given the rule. We must, therefore, overrule the first ground (the ground now taken in the solicitor's brief) relied on." *Macomber v. Cottrell,* 162 Mich. 719 (128 N. W. 797).

Every phase of the case as presented by the motion has been passed upon by this court.

The motion is denied, with costs.

STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred with MOORE, C. J.

BIRD, J. (*dissenting*). In the light of the chancery practice as it existed in 1909, the legislature of that year provided—

"That when an appeal is taken from an order sustaining or overruling a general demurrer the case shall, upon decision thereof by the Supreme Court, be remanded to the circuit court in chancery, and the complainant may

amend his bill of complaint  *  *  *  within such time as the Supreme Court may prescribe, and the cause shall then be disposed of as though no appeal had been taken."

This language is plain, simple, and unambiguous, and I am convinced that it means what it says—that, after a decision by this court, the case shall be remanded to the circuit court in chancery.  The right is reserved to this court to prescribe the time in which the amendment shall be made, but clearly contemplates that the question of the amendment shall be disposed of in the trial court.  If this is not the proper construction, what significance can be given to the closing words of the act, "the cause shall then be disposed of as though no appeal had been made"?  Under the construction given to the act by the Chief Justice, there would be nothing left to dispose of in the circuit court.

Taking this view of the statute, I think an order should be entered in this court giving complainant 30 days in which to move for an amendment in the circuit court, and the case should then be remanded to the county of Macomb and there be disposed of by the trial court under the rules of law.